STATE ex rel. PHILLIPS et al., Respondents, v. GREEN et al., Appellants.

St. Louis Court of Appeals, March 7, 1905.

1. OFFICIAL BONDS: Substantial Damages. An official bond is a bond of indemnity and recovery can not be had upon it, notwithstanding a breach, unless substantial damages are shown.

2. ——: ——: Recorder of Deeds. Where a recorder of deeds negligently permitted the release of a mortgage without the production of the note secured by the mortgage and without the knowledge of the holder of the note, a purchaser of the land believing it to be released, who gave his note for the purchase-money, had no cause of action against the recorder on his official bond, in the absence of a showing that his note given for the purchase money had been transferred to an innocent purchaser, or that the vendor was insolvent, or that he had been compelled to pay or would be compelled to pay his note in the future.

3. ——: Neglect of Duty: Participation by Party Injured. One cannot recover damages caused by the negligence of an officer who owed him no special duty, where it appears that he directly participated in, and directly contributed to, the negligent act which caused him damage.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Brewer & Collins* for appellants.

(1) The petition does not state facts constituting a cause of action for it nowhere states that F. T. Jackson is insolvent or that the notes made by relator W. E. Phillips and wife to F. T. Jackson have ever been paid or that they are in the hands of an innocent purchaser. State ex rel. v. Thompson, 81 Mo. App. 549; Bank v.

Leyser, 116 Mo. 77, sec. 6, 22 S. W. 504. (2) As the satisfaction of record of the trust deed by appellant J. W. Green, in the manner as stated in plaintiffs' petition was done in the presence of and at the request and instance of the relator W. E. Phillips, relators are not entitled to recover, for at the time relator W. E. Phillips delivered his and his wife's notes to Jackson, he knew that said deed of trust was not satisfied as the law directs and any injury to him by reason of said satisfaction is the result of his own acts and not that of defendant, J. W. Green. It is a rule that the negligence of the plaintiff which contributes directly to the cause of the injury will prevent a recovery, is without exception or qualification. Hogan v. Citizens' Railway Co., 150 Mo. 36, 51 S. W. 473; Dunkman v. Railroad, 16 Mo. App. 548; Dunkman v. Railroad, 95 Mo. 55, 4 S. W. 670. "If the negligence which produces the injury is mutual the plaintiff cannot recover." Packet Co. v. Vandergrift, 34 Mo. 55.

*Faris & Oliver* for respondent.

(1) The answer of defendant did not state any facts sufficient to constitute any defense to the petition of the plaintiff, hence a motion for judgment on the pleadings was proper. North v. Nelson, 21 Mo. 360. (2) Appellant in his answer relies upon the doctrine of estoppel *in pais*. He does not charge contributory negligence. The authorities cited by him are all cases of contributory negligence in actions for damages against railroads. When viewed in the light of the accepted definitions of estoppel, and contributory negligence, can the answer of defendant be said to be either? Action v. Dooley, 74 Mo. 67; Bigelow on Estoppel (3d Ed.), 484; Herman on Estoppel, 337; Blodgett v. Perry, 97 Mo. 273, 10 S. W. 891; 11 Am. & Eng. Ency. of Law, 2d Ed., 387; Amy v. Ramsey, 4 Mo. 505; Boles v. Perry, 51 Mo. 449; State v. Sitlington, 51 Mo. App. 253; Reichla v. Gruensfelder, 52 Mo. App. 43. (3) The answer of defendant is

clearly intended to be a confession and avoidance. He did not controvert or traverse any allegations of relators' petition, but tacitly confessed their truth and relators' right to recover, unless barred by the plea of defendants. Banchor v. Gregory, 9 Mo. App. 102; Pattison's Code Pleading, sec. 833.

BLAND, P. J.—After alleging the appointment of John W. Green as clerk of the Pemiscot Circuit Court, by virtue of which appointment he became *ex officio* recorder of deeds of said county, and setting forth his official bond, as recorder, with the other defendants as sureties thereon, the petition proceeds as follows:

"Plaintiff further states that the said defendant, John W. Green, has failed to perform the conditions of said bond in that he has not 'faithfully performed the duties enjoined on him by law as recorder in this, to-wit: That on the tenth day of May, 1902, said John W. Green negligently, carelessly, and against, and in contravention of the statutes in such cases made and provided, permitted and allowed one F. T. Jackson to satisfy of record a certain deed of trust theretofore on the seventeenth day of October, 1901, made, executed and delivered by Judson Rice and W. J. Rice to said F. T. Jackson, for the purpose of securing the payment of certain promissory notes amounting in the aggregate to five hundred dollars, in which notes said F. T. Jackson was the payee, without requiring said F. T. Jackson or any one for him to produce and cancel said promissory note in the presence of the recorder, and without requiring said F. T. Jackson or any one for him upon the allegation that said notes were lost, to make affidavit, in writing, stating that said notes named in said deed of trust, sought to be released had been paid and delivered to the maker thereof, or his representative, and without requiring said F. T. Jackson or his legal representative to make affidavit in writing that the notes in question had been paid and that the same could not be produced and cancelled because they had been lost by said F. T. Jack-

son, and that said notes were not then in the possession of any person having lawful claim to said notes.

"Plaintiff further states that prior to the transactions above set out, said Judson Rice and W. J. Rice had made, executed and delivered said notes above mentioned, together with said deed of trust upon certain lands situate in Pemiscot county, Missouri, securing said notes to one, the said F. T. Jackson; that said notes not having been paid, but being, as alleged by said Jackson, unpaid and still in the possession of said Jackson, he induced relators to become the purchasers of said land and agreed with relators that he would procure the conveyance of said land from said Rices to relators, Sam Phillips and Charles Phillips, in consideration of the making, execution and delivery of the promissory notes of relators in the aggregate amount of six hundred and forty dollars to him, said F. T. Jackson, by the relators, and of the securing of said notes by a deed of trust upon certain valuable lands of relators situate in Pemiscot county, Missouri; that thereupon relator W. E. Phillips, together with said relator, W. E. Phillips' wife, who has no interest in the matter except as the wife of said relator, made and executed his promissory notes in the aggregate sum of six hundred and forty dollars, but said relator, W. E. Phillips, being advised of the existence of said deed of trust upon said lands which he was desirous of purchasing and having conveyed to his co-relators, as aforesaid, insisted as a condition of the delivery of said notes to said F. T. Jackson, that the said deed of trust be satisfied of record; that prior thereto said F. T. Jackson had alleged that the notes made by the Rices were still in the possession of said Jackson and had not been assigned or transferred by him to any person; that said F. T. Jackson on the tenth day of May, 1902, procured the entry of satisfaction as aforesaid by defendant, John W. Green, upon record of said deed of trust from W. J. Rice and Judson Rice to said

Jackson; that thereupon and thereafter relator, W. E. Phillips, delivered to said F. T. Jackson his promissory notes in the aggregate sum of six hundred dollars ($600) together with a deed of trust on certain valuable lands of said relator securing said notes; all of which said matters and things and transactions were done and had by relator in the belief and in good faith that the representations of F. T. Jackson were true and without knowledge of their falsity.

"Plaintiff further states that said notes so made as aforesaid, by said Rices to F. T. Jackson, were not lost in truth and in fact as alleged by Jackson, but that said notes had been theretofore by said Jackson sold, assigned and transferred for value to the Pemiscot County Bank; that said Pemiscot County Bank, as such assignee of said notes, has caused said lands to be sold under said deed of trust, and the said lands and all of them have been wholly lost to relators to the damage of relator in the sum of six hundred and forty dollars.

"Wherefore plaintiffs pray judgment against the defendants for twenty-five hundred dollars ($2,500) the penalty of said bond, and that execution issue against defendants for the sum of $640 and the costs of this suit."

The answer is as follows (omitting caption):

"Defendants for answer to plaintiff's petition herein say: That at the time, to-wit: On the tenth day of May, 1902, that defendant, John W. Green, permitted and allowed the said F. T. Jackson to satisfy of record the deed of trust in plaintiffs' petition mentioned, that the relator herein, W. E. Phillips, who was then acting for himself and his corelators in negotiating for the purchase of the lands described in plaintiff's petition was present at the time of the satisfaction of the record of said deed of trust mentioned in plaintiffs' petition and fully knew and understood how said record was satisfied, and, that the same was satisfied in the manner charged in plaintiffs' petition at the instance

and request of the relator, W. E. Phillips, so that defendants say that relators are estopped thereby from maintaining this suit."

Plaintiffs moved for judgment on the pleadings, which motion the court sustained and rendered judgment for six hundred dollars in plaintiffs' favor. Defendants, in due time, filed motions for new trial and in arrest of judgment, which the court overruled and defendants appealed.

It appears from the petition that plaintiffs were desirous of purchasing the Rice land, which was encumbered by a deed of trust to secure to Jackson the payment of notes aggregating five hundred dollars; that Jackson represented to W. E. Phillips, the active plaintiff, in making the trade, that he held the Rice notes and if plaintiffs would give six hundred and forty dollars for the Rice land, he would have the deed of trust satisfied and procure a conveyance of the land from the Rices to the plaintiffs; that he procured an entry of satisfaction on the margin of the record of the deed of trust and, relying upon these representations and the entry of satisfaction, plaintiffs executed and delivered to Jackson their note for six hundred dollars and secured the same by deed of trust on land other than the Rice land; and that in truth and fact Jackson had transferred the Rice notes to the Pemiscot County Bank prior to May 10, 1902, the date of the satisfaction of the Rice deed of trust and that the bank was the legal holder and owner of the notes at the time the entry of satisfaction was made. It is not alleged anywhere in the petition that Jackson procured a conveyance of the Rice land from plaintiffs or that any conveyance of this land was in fact made to plaintiffs.

The answer alleges, in substance, that Jackson and W. E. Phillips appeared in the office of the recorder together, and that Jackson, in the presence of Phillips and at his instance and request, entered satisfaction of

the deed of trust and that defendant Green permitted it to be done in the manner alleged in the petition.

The pleadings show that Jackson made false and fraudulent representations to W. E. Phillips for the purpose of procuring the plaintiffs' note for six hundred dollars secured by plaintiffs' deed of trust and that he succeeded in consummating his fraudulent scheme by satisfying the Rice deed of trust, and they further show that if Green had done his official duty, Jackson's fraudulent scheme would have been thwarted.

In State ex rel. v. Thompson, 81 Mo. App. l. c. 556, quoting from Lowell v. Parker, 10 Met. 309, the court said: "The nature of a contract in official bonds is that of a bond or indemnity to those who may suffer damage by reason of the neglect, fraud or misconduct of the officer," citing to the same effect State ex rel. v. Tittman, 134 Mo. 162; and further says, that notwithstanding a breach, if substantial damages were not shown, nothing more than nominal damages could be recovered.

It is not alleged in the petition that the plaintiffs have paid the six hundred dollar note or that Jackson has transferred it to an innocent purchaser for value; that Jackson is insolvent or that plaintiffs have sued to have the note set aside and cancelled for fraud, or that they have asserted their right to have it cancelled for fraud in any court of law or equity; and there is no allegation in the petition to the effect that they have been forced to pay the note or that they will be forced to pay it in the future, or that they will suffer any damages by reason of having given the note, or that, if they are compelled to pay it, Jackson is insolvent. In the absence of such allegations, there is no showing that plaintiffs have been damaged, and if not damaged they are not entitled to sue upon the bond. The Salmon Falls Bank v. Leyser, 116 Mo. l. c. 77, 22 S. W. 499.

In Ency. of Plead. & Prac. (vol. 3), p. 648, it is said: "Where the bill is one merely of indemnity, and not to pay, or against liability, actual damages must be

shown by proper allegations in the declaration;" citing numerous cases in footnote No. 1, from various States.

We think the petition is insufficient to show that plaintiffs have suffered any damage whatever.

2. The petition charges that Green was negligent in entering the satisfaction of the Rice deed of trust without having the notes secured thereby produced or otherwise accounted for in manner required by the statute. The answer confesses this charge of negligence and to avoid the legal consequences flowing therefrom alleged that the entry of satisfaction was made before the six hundred dollar note was delivered by Phillips to Jackson, and that Phillips solicited Green to enter the satisfaction. On this state of the pleadings the question naturally arises, can one solicit an officer, who owes him no special duty, to do a negligent act, in respect to something in which he wishes to acquire an interest and after the act is done, with his knowledge and consent, at his solicitation and in his presence, relying upon the negligent act thus done, go forward and acquire the interest he wished in the thing and on discovering that he has been damnified by the negligent act call upon the officer to make good his loss? To state the proposition in another form, can one recover damages caused by the negligence of an officer who owed him no special duty and in whose negligence he directly participated and to which he directly contributed? All the law here and elsewhere answers this question in the negative.

As the plaintiffs may be able to amend their petition to state a good cause of action, we will remand the cause, but wish to state here that if defendants are liable at all, the measure of their liability cannot be greater than the amount due on the Rice deed of trust at the date of the entry of satisfaction.

The judgment is reversed and the cause remanded. All concur.