### Title Guaranty & Surety Co. of Scranton, Penn. v. Commonwealth, For Use, et al.

(Decided January 13, 1911.)

#### Appeal from McCracken Circuit Court.

1. County Clerk—Duty—Section 513 Ky. Statutes.—It is the duty of the county clerk under section 513 Ky. Statutes, when a mortgage is filed in his office for record, immediately to place the names of the parties thereto upon the cross-index which he is required to make and keep in his office.

2. Surety—Liability.—The surety of a county clerk on a bond conditioned that the clerk will faithfully perform the duties of his office, is liable in damages to one aggrieved by the failure of the clerk to comply with section 513.

3. Negligence.—A county clerk who indexes a mortgage from L. O. Stephenson to Jennie P. Stevenson, as from "L. O. Stephens" to "Jennie P. Stephens" is guilty of negligence.

4. Action—Negligence of Clerk in Indexing.—A party who purchases property covered by a mortgage so indexed in the wrong names of the parties, after he has had the record examined by a competent attorney who used ordinary care in making the examination and who assured him that the vendor's title was free from incumbrance, and he made the purchase relying upon such assurance and without any knowledge of the incumbrance, may recover of the clerk and his surety.

5. Damages—Measure of.—Where in a proceeding to enforce the mortgage lien, the purchaser was made a party, and defended, he may recover of the surety reasonable attorneys' fees for defending the action and the amount of recovery by the mortgage, together with interest and costs; in other words, the actual damages which he suffered by reason of the clerk's negligence.

MILLER & MILLER for appellant.

BURNES & BURNES and W. A. BERRY for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Section 513 of the Kentucky Statutes provides as follows:

"The clerk of each county court shall make and keep an alphabetical cross-index of all conveyances heretofore or hereafter recorded in his office, and he shall, when a mortgage or deed of trust, or any other conveyance, lease or contract, is lodged in his office for record, at once, and before attending to any other duties, place the names of the parties to the same upon the cross-index in his office, and shall, within six days thereafter, record the same."

Section 573 of the Kentucky Statutes provides:

"Every clerk, before he enters on the duties of his office, shall execute covenant to the Commonwealth, with good surety, approved by the court, in substance as follows:

"'We, AB, of ————, and CD and EF, his sureties, do hereby covenant and agree with the Commonwealth of Kentucky that the said AB will faithfully discharge all the duties of said office.'"

Another provision of the same section is as follows:

"All clerks shall renew their covenants every two years, or oftener, if required by the court, and any person aggrieved may, as relator, institute suit on such covenant. It shall not be satisfied until every person aggrieved has been recompensed."

At the general election held in November, 1905, Hiram Smedley was duly elected county court clerk of McCracken county, Kentucky, for the ensuing term of four years, beginning in January, 1906. Smedley qualified by taking the oath of office and by executing bond with the appellant, Title Guaranty & Surety Company, of Scranton, Pennsylvania, as surety, conditioned for the faithful performance by Smedley of the duties of the office. This bond was approved and accepted by the county court. On June 18th, 1908, Smedley, with appellant as surety, renewed his bond. The renewed bond was approved and accepted by the court and ordered to be recorded. Smedley continued to act as clerk until February 8th, 1909.

On August 29th, 1906, L. O. Stephenson signed, acknowledged and delivered to Jennie P. Stephenson a mortgage covering his undivided one-third interest in the Paducah Undertaking Company. This mortgage was delivered to Smedley, or one of his deputies, to be recorded. It was recorded and indexed in mortgage book No. 33.

Instead of being indexed on the cross-index as a mortgage from L. O. Stephenson to Jennie P. Stephenson, it was indexed as follows: "Stephens, L. O., to Stephens, Jennie P." Upon the fourth line below the above index a mortgage from L. O. Stephenson to H. L. Anderson was indexed: "Stephenson, L. O., to Anderson, H. L."

At the time of the execution of the foregoing mortgages, appellee, S. P. Pool, D. L. Adams and L. O. Stephenson were engaged in the undertaking business in Paducah, Kentucky, under the firm name of Paducah Undertaking Company. Appellee bought out the interest of his partners. When his proposition to buy was accepted by his partners, appellee employed the law firm of Hendricks, Miller & Marble to examine Stephenson's title to the property in question and to see that the transaction was properly consummated. During the negotiations appellee ascertained that Stephenson had given a mortgage on his one-third interest to H. L. An-

derson for $2,000. Before closing the deal appellee requested Judge Marble to search the record for further incumbrances. Appellee testified that Judge Marble left his place of business, stating that he would go down and have Anderson's mortgage released and examine the record. Upon his return, Judge Marble stated that he had found nothing further against the property. Appellee, relying upon this report, paid Stephenson the sum of $2,100 for his interest. About two years after the purchase, Jennie P. Stephenson, of Memphis, Tennessee, brought suit in the McCracken circuit court to enforce her mortgage lien upon L. O. Stephenson's one-third interest in the partnership property. To this suit appellee was made a party defendant. Appellee employed two firms of lawyers of the Paducah bar to defend the suit. Jennie P. Stephenson did not recover the full amount sued for, but judgment was given in her favor for $1,200, and interest and costs. Appellee paid his lawyers $200, which is admitted by the pleadings to be a reasonable fee. The judgment in favor of Jennie P. Stephenson directed that the property be sold to pay her debt, interest and costs. To prevent the property being sold, appellee paid Jennie P. Stephenson the amount of her debt, interest and costs, and took from her an assignment of the judgment. The amount paid by appellee, including his attorney's fees, was $1,674.30. After obtaining an assignment of the judgment, appellee had an execution issued thereon, which was returned "no property found."

To recover the amount paid by him, together with the interest, appellee brought this suit against Hiram Smedley and appellant. The petition sets up the election and qualification of Smedley as clerk; the execution of the bond by appellant and Smedley, conditioned that the latter would faithfully perform the duties of his office; his duty under the statutes to keep a cross-index; his failure to properly index the mortgage from L. O. Stephenson to Jennie P. Stephenson; the fact that appellee purchased L. O. Stephenson's undivided one-third interest in the undertaking business and paid therefor $2,100; that at the time of the purchase the mortgage from L. O. Stephenson to Jennie P. Stephenson was not indexed upon the cross-index, and that at the time appellee had no notice whatever of the existence of said mortgage, although he made inquiries and diligent

search as to any existing incumbrances. The petition further charged that appellee employed a competent firm of lawyers to examine the records, including the cross-index in the clerk's office; that said lawyers did examine the cross-index on November 15th, 1906, and failed to discover said mortgage through and by reason of the careless and negligent act of Smedley in failing to place the names of the parties to said instrument upon the cross-index in his office when the same was lodged for record; that Jennie P. Stephenson recovered a judgment for $1,200, and interest and costs, and was adjudged a lien on L. O. Stephenson's undivided one-third interest in the Paducah Undertaking Company which appellee had purchased; that appellee paid his attorneys $200 to defend said suit, which was a reasonable fee. The petition then charges that appellee was compelled to pay the sum of $1,674.30 because of the negligence of Hiram Smedley in failing properly to index the mortgage from L. O. Stephenson to Jennie P. Stephenson on the cross-index provided by law.

After appellant's demurrer to the petition was overruled, it filed an answer in three paragraphs. In the first paragraph of the answer issue was joined as to whether or not appellee had notice of the mortgage in question, and whether or not he had employed a firm of lawyers to examine the title. In the second paragraph appellant charged a lack of diligence on the part of appellee's lawyers in examining the record. In the third paragraph there was a charge of contributory negligence on the part of appellee.

Upon the court's overruling appellee's demurrers to the second and third paragraphs of appellant's answer, appellee filed a reply, completing the issues.

The first trial of the case took place on November 15th, 1909. The jury found for appellee, and awarded him the full amount sued for. Thereupon appellant entered motion for a judgment in its favor notwithstanding the verdict. Thereafter without waiving that motion it filed grounds and motion for a new trial. The court overruled appellant's motion for a judgment in its favor notwithstanding the verdict, to which appellant objected and excepted, but sustained its motion for a new trial, and ordered the verdict set aside.

Thereafter appellee was permitted to file, over the objection of appellant, an amended petition, which charges, in substance, that the undivided one-third in-

terest of L. O. Stephenson in the property of the Paducah Undertaking Company, described in the mortgage from L. O. Stephenson to Jennie P. Stephenson and purchased from L. O. Stephenson by appellee, was of a reasonable market value, at the time of the purchase, of at least $3,000, and that the undivided one-third interest in the property was worth, on the day the judgment was rendered in favor of Jennie P. Stephenson, at least $2,100, and that said interest is still of the reasonable, and has at all times been of the fair market value of $2,100; that all the property of the undertaking company, referred to in the original petition, is now, and was on May 24th, 1909, of the reasonable market value of $6,300; that the firm of lawyers employed by appellee to examine the records in the county court clerk's office, including the cross-index, reported to appellee prior to the time he purchased the one-third interest of L. O. Stephenson that there was no record of any incumbrance on the property except the mortgage from L. O. Stephenson to H. L. Anderson which had been released; that relying and acting upon the advice of the attorneys he bought the undivided interest from L. O. Stephenson, and that appellee's failure to discover said mortgage was caused by the failure of Smedley to index the same.

Thereafter the allegations of the amended petition were denied by amended answer.

The second trial took place during the month of March, 1910. The jury again awarded appellee the full amount sued for. From the judgment based upon the verdict this appeal is prosecuted.

It is first insisted that the court erred to appellant's prejudice, at the conclusion of the first trial, in not sustaining its motion for a judgment in its favor notwithstanding the verdict. The rule in this State is that, where the parties have attempted to join an issue to be tried, and which has been tried, however defective in form the pleadings may be, a verdict for the one or the other will be held to cure such defective pleadings; that is, will cure them as to their form supplying all omitted necessary averments concerning essential facts relied on, provided the proof or admission of such facts was necessarily considered before the verdict could have been rendered. Then, if such facts, when considered as if properly pleaded as to form, do not entitle the party obtaining the verdict to that relief in law, the judgment will be for his adversary. (Hill v. Ragland, et al., 114

Ky., 209.) While it is true that the allegations of the original petition are not as certain and definite as they might be, yet when the petition is considered as a whole, we conclude that its defects, under the rule announced in the foregoing case, were cured by the verdict.

Nor did the court err in permitting the amended petition to be filed after the new trial had been granted. The only limitation upon the discretion of the court in allowing amended pleadings is that they must be in furtherance of justice and must not change, substantially, the claim or defense. (Section 134, Civil Code; Greer v. City of Covington, 83 Ky., 410; L. & N. R. R. Co. v. Pointer, 113 Ky., 952.) The amended petition did not in any way change appellee's cause of action, and, as it was certainly in furtherance of justice, it was properly allowed to be filed.

The court gave to the jury the following instructions:

"No. 1. It is the undisputed evidence in this case that a mortgage from L. O. Stephenson to Jennie P. Stephenson was indexed by the clerk of the McCracken county court in the name, and as being given by L. O. Stephens to Jennie P. Stephens, and the court now instructs you, that if you shall believe from the evidence in this case that before plaintiff purchased an interest in the property covered by said mortgage, he employed reasonably competent and skilled attorneys to examine the title to the property purchased by him, and said attorneys did examine said title and reported to plaintiff the result of said examination, and plaintiff relied on said report in purchasing said property, then the law is for the plaintiff and you will find for him $1,674.30, with interest from the —— day of ——, 19—; unless you shall believe from the evidence that said attorneys, in the examination of said title failed to exercise ordinary care and reasonable diligence, to discover said mortgage, in which event, and if you shall so believe, then the law is for the defendant and you will so find.

"No. 2. 'Ordinary care' and 'reasonable diligence,' as used in instruction No. 1, means such care and such diligence as reasonably careful and prudent persons are accumstomed to use in their own affairs when engaged in a like business, or the doing of a like thing, and under like or similar circumstances of this case."

The court did not err in assuming, as a matter of law, that the indexing of a mortgage from L. O. Stephenson to Jennie P. Stephenson in the names of L. O.

Stephens to Jennie P. Stephens was negligence on the part of the county court clerk. It was the clerk's duty to index the mortgage properly on the cross-index. The fact that the mortgage in question was indexed and recorded in one of the individual mortgage books was not a compliance with the law. It was not incumbent upon appellee, or his attorneys, to examine each mortgage book or the index thereof for the purpose of discovering the mortgage in question. They had the right to rely upon the cross-index required by statute to be kept. The two names, Stephenson and Stephens, are not idem sonans. They are not such that the attentive ear finds difficulty in distinguishing them when pronounced, or that common and long continued usage has by corruption or abbreviation made them identical in pronunciation. (Words and Phrases, Vol. 4, p. 3380; Ellis v. State, 21 S. W., 66, 24 S. W., 660.) Stephenson and Stephens are different names and have an entirely different appearance. The facts being admitted, the question was for the court, not for the jury.

The court did not err in fixing the amount of appellee's recovery at $1,674.30. Appellee was entitled to recover the actual damages which he suffered. (Johnson v. Brice, 102 Wis., 575.) The uncontradicted evidence shows that, in order to save the property from being purchased and prevent a sale of the undivided one-third interest therein, appellee was compelled to pay the amount which the instructions authorized the jury to award him as damages.

There was absolutely no evidence tending to show contributory negligence on the part of appellee. The court did not err, therefore, in refusing to submit this issue to the jury. Indeed, we conclude that the instructions complained of fairly submitted to the jury every issue properly determinable by the jury. We cannot say that the finding of the jury is flagrantly against the evidence. Appellee testified that he employed Judge Marble to examine the records; that he did examine them and reported that there were no incumbrances against the property except the mortgage from Stephenson to Anderson. Marble testified that, according to his best recollection, he made the examination. There was absolutely no evidence to the contrary.

The court did not err in refusing to permit other lawyers or abstractors to show how they would have examined the county court clerk's record, or that in their

opinion the failure to examine the mortgage book after seeing a mortgage from L. O. Stephens to Jennie P. Stephens was negligence. This is not a case for expert testimony; it was for the jury to say, under all the circumstances, whether or not appellee's attorney exercised reasonable diligence.

Other grounds for reversal have been urged by counsel for appellant. To consider them in detail would extend this opinion to too great length. Suffice it to say that, in our opinion, none of them are sufficient to justify us in reversing the judgment.

Judgment affirmed.