STATE EX REL. THE BRYANT MANUFACTURING COMPANY v.
R. J. HESTER ET AL.

(Filed 2 April, 1919.)

1. **Deeds and Conveyances — Registration—Indexing—Decisions—Prospective Effect—Title.**

The decisions of *Ely v. Norman,* 175 N. C., 298; *Fowle & Son v. Ham,* 176 N. C., 12, holding in effect that indexing and cross-indexing conveyances of land by the register of deeds of a county were essential to a valid registration, are prospective in effect, and not applicable to titles to lands acquired under the construction to the contrary in *Davis v. Whitaker,* 114 N. C., 279.

2. **Deeds and Conveyances—Registration—Notice.**

The principle as to notice by a valid registration of a prior executed conveyance of land not being supplied by notice of another character however full and formal, does not apply when the title is not directly involved, but damages of a pecuniary nature are sought against the register of deeds alleged to have been indirectly caused by his failure to fully index and cross-index a prior registered conveyance affecting a contract to manufacture timber growing upon the lands therein conveyed.

3. **Register of Deeds—Deeds and Conveyances—Indexing—Default—Damages—Proximate Cause—Statutes.**

While the register of deeds and the surety on his official bond are liable under our statutes, Revisal, secs. 2658, 2665, 301, 3600, for his failure to index and cross-index instruments as required by law, such liability does not arise to the individuals claiming damages therefor unless the default of the register in these particulars has been the proximate cause of pecuniary injury to the claimant, and liability will not be imputed to the register of deeds when the negligence of the claimant or his agent, charged with the duty of looking after the matter, has caused or concurred in causing the injury.

4. **Same — Pleadings — Admissions — Instructions — Notice—Attorney and Client.**

In an action against the register of deeds and his bondsmen for his failure to fully index and cross-index a prior registered mortgage of the timber on lands afterwards conveyed to the plaintiff, the failure of the plaintiff's title causing the damages alleged in his action to have arisen on account of moneys advanced under a contract to manufacture it, there was an admission in the answer that the indexing and cross-indexing had not been fully done, but with allegation that the attorney of the plaintiff in investigating the title had been put upon notice of the prior registered deed by a written instrument of bargain and sale in the chain

39—177

of title from plaintiff's immediate grantor, distinctly referring to the prior conveyance, and that this fact was reported to the plaintiff: *Held*, it was reversible error for the trial judge to instruct the jury that the defendant's admission of his default in fully indexing or cross-indexing the prior registered mortgage was an admission of defendant's liability, this question depending upon whether the default charged and admitted by the register of not fully indexing and cross-indexing the prior encumbrance was the proximate cause of pecuniary loss to plaintiff or whether it was due to the plaintiff's own negligent default on the facts known to him or his attorney he employed to investigate the title, or which he or his attorney should have known if reasonably attentive to his interest.

**5. Register of Deeds—Deeds and Conveyances—Indexing—Default—Measure of Damages.**

The measure of damages, when recoverable, in an action against the register of deeds, for the pecuniary loss suffered by one taking a mortgage on timber standing upon lands subsequent to a mortgage on the lands, not fully indexed, and arising upon a contract to cut the timber dependent upon the title, are such damages as were probable under the facts as they existed and which can be ascertained with a reasonable degree of certainty; and it is reversible error for the trial judge to instruct the jury that they may award the difference between the sum advanced and that repaid by the other party to a contract, it not being established that such other party was insolvent or that the plaintiff could not have protected himself, at least to some extent, under the second mortgage on the timber he had taken as security, notwithstanding the prior lien of the first one.

ACTION tried before *Calvert, J.,* and a jury, at January Term, 1919, of BLADEN.

The action is against the register of deeds of Bladen County and the surety on his official bond to recover damages alleged to have been caused by the register's negligence in failing to properly index and cross-index a prior mortgage whereby the relator of plaintiff, holding a record mortgage and contract, suffered substantial damage.

The court ruled that liability on the part of defendant was admitted in the pleadings and the issue was only on the question of damages. The cause was then submitted to the jury on the following issues, defendant excepting:

1. Did the plaintiff advance money to Moore & Moore upon the execution of the mortgage by Moore & Moore to the plaintiff to secure the same, and if so, what amount?

2. Were Moore & Moore entitled to any credits on the amount so advanced by the plaintiff, and if so, what was the amount of such credit?

3. What amount is the plaintiff entitled to recover?

The court then charged the jury if they found the facts to be as testified to by the witnesses they would answer the first issue, "Yes, $2,000"; second issue, "Yes, $758.85"; third issue, $1,241.15, with $15 accrued interest."

Judgment for plaintiff, and defendant excepted and appealed.

*McClammy & Burgwin* for plaintiff.
*Bayard Clark, E. F. McCulloch, Jr.,* and *R. S. White* for defendant.

HOKE, J.   It may be well to note that the recent decisions to the contrary, *Ely v. Norman,* 175 N. C., 298, and *Fowle & Son v. Ham,* 176 N. C., 12, being prospective in operation, and the rights of these parties having been acquired and held under our registry laws as they were construed and applied in *Davis v. Whitaker,* 114 N. C., 279, to the effect that indexing and cross-indexing were not essential to a valid registration, notwithstanding the defects alleged in this instance, the prior encumbrance was properly registered and constituted a valid lien on the property.   And again, that this is not a case where the title to the timber is directly involved and in which case no notice, however full and formal, will supply the place of a valid registration, *Robertson v. Willoughby,* 70 N. C., 358; *Todd v. Outlaw,* 79 N. C., 235, but the suit is an action to recover damages for the negligent breach of duty on the part of the register of deeds in failing to index and cross-index an instrument by means of which plaintiff suffered pecuniary loss.   Considering the record in view of these positions and on the question whether liability was admitted in the pleadings, it is alleged in the complaint, in effect, that in 1914 Moore & Moore, as owners of certain timber on a designated tract of land in Bladen County, contracted with relator of plaintiff to cut the timber on said land and deliver same to relator in rafts at their landing within bounds of the property at the rate of seven dollars per thousand feet and at the rate of not less than 60,000 feet per week till same was all cut and delivered, and relator, the Bryant Manufacturing Company, hereafter spoken of as plaintiff, was to retain as much as $2 per thousand feet to reimburse plaintiff on advancements to be made under the contract, to the amount of $2,000, to enable Moore & Moore to begin operations; that these advancements were to be made in case title was ascertained to be good by plaintiff's attorney, and before same was made Moore & Moore were to give a mortgage on the timber to secure repayment to plaintiff of sums advanced; that plaintiff's attorney having informed plaintiff that there were no encumbrances on the property, the mortgage was given, recorded, and plaintiff advanced the $2,000 to Moore & Moore as agreed upon; that Moore & Moore entered on the work of cutting and rafting the timber, and having delivered sufficient timber to make a repayment thereof of $758.85, this from the $2 per thousand authorized to be retained, and having failed to deliver further, on inquiry, told plaintiff they could not go on without more pecuniary help; that plaintiff declined to advance more except under its own super-

vision, and himself entered on the work, when he was stopped by court injunction, in a suit by N. H. Carter and B. F. Keith, who held a prior mortgage on the timber, duly registered and executed to them by Blackburn and Jackson, from whom Moore & Moore had bought the same, said mortgage purporting to secure Carter & Keith, the original owners of the timber, in the sum of $6,000, the original purchase price; that plaintiff had frequently endeavored to obtain repayment of the balance due on the advancements from Moore & Moore, to wit, the $1,241.15, with said accrued interest, and had failed to do so. The defendants, alleging that the register had duly recorded the prior mortgage and indexed the same, showing the names of the grantees, admitted that the same had not been fully indexed and cross-indexed as the statute required. The answer, then, having put in issue the other allegations of the complaint tending to fix liability, made further averments to the effect that the condition and records appearing in the register's office were such as to put the plaintiff on full notice of the existence of the prior mortgage; that it was referred to and fully described in the bill of sale by which Blackburn and Jackson conveyed the timber to Moore & Moore; that the paper containing such recital was on record and was read by counsel for plaintiff when making an examination of the title and a copy thereof taken, and for this the index and cross-index would have fully disclosed the page and book, etc., showing the existence and proper registry of the prior mortgage complained of; and the answer denies, further, that the plaintiff's attorneys ever reported to him that the title to the timber was unencumbered but that plaintiff knew or had every reason and opportunity to know of the existence of this prior mortgage, and that his loss, if any was suffered by him, should be properly attributed to his own negligence and not otherwise. On these, the averments chiefly relevant, we are of opinion that there was error in the ruling that liability for this alleged default was admitted in the pleadings. Our statutes on this subject, Rev., secs. 2658, 2665, impose on the register of deeds the duty of diligently and promptly registering instruments filed with him for the purpose and of indexing and cross-indexing the same within twenty-four hours after registry, and action lies by the person injured for default in this respect. *State ex rel. Daniel v. Grizzard,* 117 N. C., 105. In section 301 he is required to give a bond not to exceed $10,000 for the safe-keeping of the books of his office and otherwise for the faithful performance of his duties. By section 3600 he is made indictable for a misdemeanor for failure to index and cross-index instruments as required by the law and within twenty-four hours after registry. While the proper performance of the official duties of this officer are thus rigidly insisted upon and have taken on even greater significance since our Court has held that the indexing

and cross-indexing are essentials of a valid registration, a liability does not arise to individuals unless the default of the register in these particulars has been the cause and the proximate cause of pecuniary injury to the claimant. Unless otherwise provided by the statute itself or arising as it may do in certain instances from its very nature and characteristics, this prerequisite to the maintenance of an action for breach of a statutory duty, that it should be the proximate cause of the injury complained of, is very well illustrated in several of our more recent decisions, as in *Paul v. R. R.,* 170 N. C., 230; *McNeil v. R. R.,* 167 N. C., 390, and *Ledbetter v. English,* 166 N. C., 125. And in this connection it is held, in well-considered cases, that liability will not be imputed to the officer when a given duty has been imposed with more especial reference to the protection of individuals, and the negligence of the individual claimant or his employee or agent, charged with the duty of looking after the matter, has caused or concurred in causing the injury. *Burris v. Austin,* 85 S. C., 60, and authorities cited; *Leck v. Madden,* 36 Cal., 208 (5 Amer. Dec., 175); 23 Amer. and Eng. (2d Ed.), 379; see, also, 34 Cyc., p. 1021. And the general principle has been recognized in a case at the present term, in *Rice v. Ins. Co.,* 98 S. E., 283, citing for the position, among other cases, *Dare v. Constr. Co.,* 152 N. C., 23. In this last case it was held: "While a person cannot take advantage of his own wrong, the court will not furnish a person a remedy for a wrong when he cannot prove a legal claim for damages without showing that his own negligence intervened between the act of the alleged wrong-doer and the result complained of, which was the real and efficient cause of the injury."

Recurring to the answer there are allegations to the effect that the prior mortgage was indexed in the name of the grantees therein, showing also the book and page of the registry. In the deed or written bargain and sale, conveying the timber to Moore & Moore, the immediate grantors of plaintiff, there was distinct reference to the prior mortgage to Carter & Keith from Jackson & Blackburn, vendors, to Moore & Moore; that plaintiff's attorneys, in making their examination and whose knowledge and opportunity to know will be imputed to plaintiff, took a copy of the bill of sale and included same in their report on the title, and that "any sums of money advanced to Moore & Moore was done with full knowledge of said paper-writing and in face of the recitations that Carter & Son and Keith held a mortgage on the timber for $6,000; and further, that if plaintiff did not have actual notice of said mortgage it was due to his own negligence and carelessness and not to any act or conduct of this defendant" (the register of deeds), and under the principles heretofore stated the issue of liability is, in our opinion, distinctly raised

and must be determined on the question whether the default, charged and admitted by the register, of not fully indexing and cross-indexing the prior encumbrance, was the proximate cause of pecuniary loss to plaintiff or was the same due to his own negligent default on the facts known to him or which he should have known if reasonably attentive to his own interest. And on the question of damages, it does not necessarily follow that plaintiff is entitled to recover the sum of $1,241.15, with some accrued interest, the difference between the amount advanced and that paid back by the debtor, as his Honor ruled. The jury may award that sum but it does not follow as a conclusion of law from the facts in evidence. On a breach of duty of this kind, causing injury, the plaintiff may recover the damages that were probable under the facts as they existed and which can be ascertained with a reasonable degree of certainty. The default complained of here was the failure to index and cross-index a prior mortgage, by reason of which plaintiff was misled and induced to take a second contract and mortgage, to his injury, and the damages would properly be referred to the existence of such prior mortgage and its effect on plaintiff's security. The only witness examined on the trial was J. N. Bryant, one of the plaintiffs, and, while his evidence tended to show that the Moores, plaintiff's debtors for their outlay, were insolvent, it is not an inference that the court can draw from his testimony, and while there is allegation that the prior mortgage had been foreclosed, leaving nothing subject to plaintiff's claim on the timber, that allegation is denied in the answer, and we do not recall any evidence tending to show such a foreclosure. In addition to this, it is admitted that plaintiff held the second mortgage on this timber to reimburse him for the $2,000, and it is nowhere shown in the evidence that the timber is not of sufficient value both to satisfy the prior encumbrance and also to reimburse the plaintiff. In an action of this character it is incumbent on plaintiff to establish both the injury and the amount of the loss, and though liability be established, the damage will be only nominal unless the loss be shown or facts presented from which it can be reasonably ascertained. *Johnson v. Bryce et al.,* 102 Wis., 575; *Gordon v. Stanley,* 108 La., 182; *Titleguar Co. v. Commonwealth,* 141 Ky., 570; *Appleby v. State of New Jersey,* 45 N. J. L., 161; *State ex rel. Phillips v. Greene et al.,* 112 Mo. App., 108; 2 Sutherland on Damages (3d Ed.), sec. 488; 1 Sedgwick (9th Ed.), sec. 107-107a.

On the record, we are of opinion that the cause must be referred to the jury both on the question of liability and the amount of damages, and to that end a new trial is awarded.

New trial.

NOTE.—BROWN, J., did not sit in any case at this term, being absent on account of illness.