## Best v. Sidebottom.
(Decided Oct. 29, 1937.)

JOHN E. SHEPARD and JOHN S. MILLIKEN for appellant.

L. M. ACKMAN, H. W. ALEXANDER, EDWARD DUVALL and FRANK GREENE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal seeks the reversal of a judgment of the Grant circuit court, dismissing the contest action, brought by the appellant, Hoyt B. Best, attacking the nomination for State Senator for the Twenty-Sixth senatorial district awarded his rival candidate, the contestee, Paul L. Sidebottom, as having received a majority of the votes cast at the primary election held August 7, 1937.

It appears that the appellant and appellee were the only candidates seeking the Democratic nomination for this office in the said primary, wherein the contestee, Sidebottom, it was ascertained upon a tabulation of the vote cast in said race, had received a majority.

Appellant thereupon instituted this contest proceeding on August 21, 1937, against the appellee, Paul L. Sidebottom, in the Grant circuit court, challenging the validity of his nomination upon the ground that appellee was not eligible, as a Democratic nominee, for election to the office, for the reason, he charged, that the contestee had forfeited his awarded nomination by reason of his alleged violation of the provisions of the Corrupt Practice Act in prosecuting his campaign therefor.

Contestant, by his petition, after first alleging his own qualification for the office sought, his compliance, in all respects, during his campaign seeking the nomination therefor, with all laws applicable to and regulating primary elections, and the holding of such election and his defeat by contestee therein, next averred that the appellee had violated the provisions of the Corrupt Practice Act (Acts 1916, c. 13, Ky. Stats. sec. 1565b-1 et seq.) both by himself making, and others making for him, with his knowledge and consent, expenditures in behalf of his candidacy for this senatorial nomination, to be determined at said primary, in excess of the maximum amount of $500 allowed, by section 17 of said act (Ky. Stats. sec. 1565b-17), to be expended by a candidate in furtherance of his campaign therefor.

Further, contestant peaded that the contestee, Sidebottom, and his friends, with his knowledge, had spent in violation of the act not only the amount shown by his filed preliminary expense statement, which was in excess of $500, the maximum amount allowed, but had further violated its provisions by the wrongful expenditure

of other and large sums of money for corrupting and bribing voters to work for appellee, and did so bribe and corrupt a large number of voters, while, on the other hand, averring his own abstinence from such and all inhibited corrupt practices and his full compliance, in all particulars, with the requirements of the Corrupt Practice Act.

Responding, the contestee, by his answer and counterclaim, first traversed all the allegations charging his violation of the Corrupt Practice Act in his obtention of the nomination, as set out in the petition, and by a further paragraph affirmatively alleged that, in the prosecution of his candidacy for the nomination, he fully complied with each and every requirement of the Corrupt Practice Act, or other applicable state laws. Further, he specifically denied that he had expended, or that there had been expended in his behalf, with his knowledge, a sum of money exceeding $500, or any other or greater sum than $474 in connection with or in furtherance of his campaign for the nomination to this office, and further alleged that, while he had, some fifteen days prior to the primary election, held August 7, 1937, filed with the secretary of state his written and verified preliminary expense account, as required by the provisions of section 4 of the aforesaid act (Ky. Stats. sec. 1565b-4), which, as therein itemized and set out, showed that a total amount of some $603 had been expended by him, to the date of its filing, upon or in connection with his primary campaign, he promptly, upon his discovering that his filed pre-primary statement of expenditures was incorrect in its recital of the amount of some of the items, proceeded to check up on its recited itemization of the various sums paid by him, totaling the said amount of $603, to ascertain the actual and exact amount expended by him in the furtherance of his race for the nomination; that he obtained itemized statements from all the newspaper publishers and persons listed therein as having been paid the several sums set out for services or merchandise furnished him in connection with his candidacy, by which itemized statements of these several expense accounts he was enabled to accurately ascertain that the true and actual total amount of his expenditures, made in connection with or on behalf of his campaign to date of filing, amounted to $474.49 instead of $603, the amount erroneously and mistakenly reported by him as having been so expended in

his original preliminary statement; that he at once, upon his being so advised as to the error in his first statement, conformably therewith prepared a second or amended and corrected statement of his preliminary expense account, which he filed with the secretary of state on August 20, 1937, which showed the true and actual amount of his expenditures made in behalf of his race, and that the true amount thereof was not $603, as mistakenly and erroneously set out in the first statement filed, but that the same, in fact, amounted to only $474.49; that the election commission, upon receipt of this, his second or amended expense account, showing an amount expended within that allowed by the act, had then issued him a certificate of nomination as Democratic candidate for election to the office of senator for the Twenty-Sixth senatorial district.

The cause coming on for trial upon the issues thus joined by the pleadings, the contestant, having the burden of maintaining by proof his grounds of contest charged in his petition and that contestee had thereby forfeited his nomination, took quite a volume of testimony for such purpose.

Contestant subpœnaed as witnesses, among others, all those persons listed and named in contestee's first preliminary statement, as well as in his second, amending it, to whom there was in each statement set out the amount recited as paid for services or merchandise purported to have been furnished him in connection with his primary campaign.

These witnesses were further ordered, when appearing in court to testify, to bring their account books, or business records with them for showing thereby the exact itemization of their accounts and amounts thereof, with a view to supporting thereby the contestant's charge that the listed amounts set out in contestee's first statement, totaling the amount of $603, had, in violation of the statutes, been in fact expended by him in the interest of his primary campaign, rather than the later claimed lesser amount of $474, as set out in his amended statement as having been so spent by him.

Further, at the conclusion of the taking of plaintiff's testimony, he moved that the pleadings, exhibits, and records in the case be made a part of the evidence, in which motion the defendant joined, whereupon it was so ordered.

Thereupon came the plaintiff, and by counsel announced that he had concluded all of his evidence and rested his cause.

Then came the defendant and by counsel moved the court that plaintiff's petition be dismissed and for judgment against him for his costs.

The court, after hearing argument of counsel on said motion, adjudged that:

"It appearing that the corrected expense account of Paul L. Sidebottom, setting out his expenditures in money and other things of value, contributed, distributed, expended or promised by him or by any person in his behalf with his knowledge or consent, theretofore filed with the Secretary of State of Kentucky on August 20th, 1937, contained a true and accurate statement of all such expenditures made by him or by anyone else with his knowledge, consent or procurement as candidate for nomination to the office of Democratic nominee for senator in the twenty-sixth senatorial district of Kentucky in the August, 1937, Primary, and that said expenditures totaled $474.49, and no more, and contained no expenditures forbidden by law.

"It further appearing that there was no corruption in said election procured by or with the knowledge or consent of the said Paul L. Sidebottom and that said defendant did not expend and did not have expended for him or in his behalf and with his knowledge or consent any sum of money in excess of $500, and the court being advised:

"It is ordered and adjudged that plaintiff's petition herein be hence dismissed and that the defendant, Paul L. Sidebottom, recover of plaintiff herein, Hoyt B. Best, his cost herein expended."

The court having thus found that this evidence, introduced by contestant, failed to show that the contestee had been guilty of "corruption in said election procured by or with the knowledge or consent" of the contestee, and further, failed to show that he had expended, or that there had been expended in his behalf, any sum of money in excess of $500 (both of which grounds of contest were alike charged by appellant), and we being of the opinion, after a careful consideration of the record, that it amply supports the holding of the court that

appellant had failed by his proof to maintain the burden resting upon him of showing that the contestee had been guilty of corruption in obtaining his nomination in said primary election and of his having further violated the provisions of the Corrupt Practice Act by his charged spending of a greater amount of money than in such case permitted a candidate to expend, there is thus presented here for our consideration and decision but the one question of whether or not a candidate, after having filed his verified pre-primary expense account, can later amend and correct it, even after the holding of the primary election, upon his discovering that the same was, in any material respect or item, due to honest mistake made in its preparation, untrue and erroneous.

The appellant challenges the propriety of the chancellor's ruling here made, in upholding such right in the contestee, contending that the same both opens wide the doors to the candidate for the practice of fraud and also permits him, in allowing his filing of a later corrected statement, to change the grounds of contest, expressly inhibited by section 1550-28, Kentucky Statutes, as amended by the 1934 Act of the General Assembly of Kentucky (chapter 62), controlling the procedure of contest suits, arising out of a primary election and providing that:

> "If such grounds be based on the claimed violation of any provision of the Corrupt Practice Act, now Section 1565b-1 to Section 1565b-21, inclusive, of Carroll's Kentucky Statutes, 1930 Edition, such claimed violation must be specifically set out, and *no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same.*" (Italics ours.)

It is here admitted that the contestee complied with the requirement of section 1565b-4 of the statute, by filing with the proper officers a written sworn statement of his campaign expenditures fifteen days before the primary election of August 7, 1937, and the one question here before us is, as stated supra, that of the candidate's right, upon later discovering his statement filed was incorrect, to then file a supplemental correcting statement, before a contest suit had been filed.

It was held in Sparkman v. Saylor, 180 Ky. 263, 202 S. W. 649, 650, that as to the time for filing such state-

ment the provision was directory, requiring only a substantial and reasonable, rather than a literal, compliance therewith, but that it was "mandatory, insofar as it provides for the filing by all candidates of a true and accurate statement of expenses, covering every specified item, both before and after the election, because, *until* he does so, the successful candidate cannot get a certificate of election, qualify, or receive the emoluments of his office."

The opinion continuing, in discussing the intent and purpose of the Legislature in its enactment of this act, says:

"The legislative intent therefor was doubtless twofold: First, that voters, from an inspection of the pre-election statement which was required to be open to public inspection, might understand the influences being exerted on behalf of the several candidates; and, second, that an election might be annulled upon a contest under certain conditions which had been procured by corrupt practices, evidence of which would be disclosed or indicated by one or the other or both of the required statements."

And in concluding the opinion further says:

"So, it seems to us the provision as to the time for filing the pre-election statement cannot be held to be mandatory upon any theory of the purposes intended to be accomplished thereby, and every reason exists for holding it directory merely in such respect if the terms of the act will permit, since, in the absence of corrupt practices, after a reasonable and substantial compliance with the provisions of the act by the candidate, no reason whatever exists for denying to him the fruits of such a victory, nor to the voters the officer of their choice; and we are extremely reluctant to do so upon doubtful or less than clear and unmistakable authority."

Influenced by this interpretation of the act and the court's views as to the purpose and intent of the Legislature in its enactment, it certainly cannot be said that the statement filed, showing the expenditure of such an excess amount over that allowed, was in any wise self-serving or calculated to conceal from the public the influences being exerted in behalf of his nomination, but rather that it was a statement prejudicial to him in its effect.

The intent and purpose of the Corrupt Practice Act is to have, for the reasons above stated, a real and true declaration and exposition made by the candidate before the primary election of his expenses incurred therein, and to realize such end the act mandatorily requires the filing of such statement by a candidate as will both truly and timely portray his expenditures before the primary election is held, for the information and guidance of the public in casting its votes therein for or against him.

The preliminary expense statement here filed by contestee complied with the requirement of the act as to its timely filing before the primary election was held, but, after so filing it, contestee avers that he discovered that it did not comply, in that it was incorrect, with the requirement of the act that the statement, so filed, of his expenses should and must be one true and accurate as to all items reported therein.

In such case, we conceive that it is without doubt the duty of a candidate, upon his discovery that his statement filed was incorrect and untrue as to some of the matters therein set out, to file a supplementary or amendatory statement, whereby he accurately and truthfully portrays the real facts discovered by him corrective of the errors contained in the first statement.

The appellant contends that this right of a candidate to amend his preliminary statement is foreclosed to him by the provisions of section 1550-28, regulating the matter of contest suits had in primary elections and providing that "no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same."

Clearly appellant misconceives the significance and meaning of this provision, in that it clearly applies to a changing, as it states, of the ground of contest or counter contest set out in the initial pleadings in the contest suit.

Here the supplemental statement, objected to by appellant, was filed by appellee before this contest suit was filed and in which he set out as his grounds of contest (among others) that appellee had forfeited his nomination by reason of his having expended, in violation of the provisions of the statutes, more upon his campaign than was by the provisions of the act per-

mitted a candidate to expend in such race. Here the contestee did not seek to change such alleged ground of contest by his prior filing of his supplemental statement, wherein he denied that he had violated this provision of the act by expending an amount upon his campaign prohibited by it, in that, he averred, his earlier filed statement, admitting his expenditure of such larger amount, was mistakenly and erroneously made, as the true amount so expended by him was only $474 and not an amount in excess of the $500 in such case legally allowed a candidate, as first reported.

His filing of this corrected statement affected only the question of the character and extent of proof required of the contestant to establish the contestee's charged violation of this particular of the act, but it did not serve to change or foreclose the grounds of contest set out in contestant's petition, afterwards filed, and therefore its filing cannot be held prohibited, as being an attempt to amend a ground of contest, by the quoted provision, supra, of the Primary Act, as insisted by appellant.

While the circumstances, here presented, under which the contestee sought to file a supplemental and corrected pre-primary statement after the primary election, so reducing the first reported amount of expenditures as made by him as to bring it within the allowed amount and thus save his nomination received from the penalty of forfeiture, are not within themselves sufficient to warrant our denying a candidate the right to file such supplemental statement, they are yet quite sufficient to call for alertness on the part of the court and its most careful scrutiny of the matters set forth in such self-serving amended statement in order to determine their truth and accuracy.

However, where the court is satisfied, from the showing made by contestee's proof, that such corrected and amended statement of preliminary expenditures made in the candidate's primary campaign was true and represented the actual facts, the candidate's right to file such corrected, amendatory statement should be upheld, in that a trial court is invested with a broad discretion in the matter of allowing the filing of amendments to pleadings or other instruments, where allowed in the apparent furtherance of justice, and, under the substantially direct provisions of section 134 of the Civil Code

of Practice, the only limitation upon the court's discretion to allow the filing of an amendment is that it must be in the furtherance of justice and not change substantially the claim or defense. Schulte v. L. & N. R. Co., 128 Ky. 627, 108 S. W. 941; Title Guaranty & Surety Co. of Scranton, Pa. v. Commonwealth, 141 Ky. 570, 133 S. W. 577; Moore v. Damron, 157 Ky. 799, 164 S. W. 103; Western Union Telegraph Co. v. Reed, 158 Ky. 552, 165 S. W. 656.

Of course, the court's upholding of the candidate's filing of such second or amended statement can only be sustained, as such, where its statements, contradicting and reducing the amount shown by the first statement to have been expended, are convincingly shown by the proof to be true and accurate.

It is insisted by the appellant that section 1550-28, dealing with the subject of contests over nominations received in primary elections, and section 1565b-4, section 4 of the Corrupt Practice Act, requiring candidates to file preliminary statements of expenses incurred, expressly do not provide for any amendment of the statements filed.

However, we deem it sufficient answer to this argument to say that the absence of such express provision in the statutes for their amendment has not been found sufficient reason for excluding the right to amend, where its allowance is deemed to operate in the furtherance of justice, unless such right to amend was expressly or by a very reasonable implication forbidden by the provisions of the statutes.

For the reasons hereinabove stated as to this, we are not inclined to view this argument as meritorious, in that we do not recognize the absence in the statutes of an express power given to allow an amendment of the filed preliminary statement as effecting a limitation upon the court's right to permit same to be amended, where the court, in the exercise of its sound discretion, deems it to be in the furtherance of fair play and justice.

In the instant case, those legal voters of the Twenty-Sixth senatorial district, who have, by the casting of their ballots for contestee, Sidebottom, elected him as their senatorial nominee for the district, are not to be denied their further right to cast their vote for him in the final election as their chosen nominee, unless he has in fact been shown by the evidence to have violated the

provisions of the Corrupt Practice Act by expending, in the furtherance of his campaign for this nomination, an amount in excess of that allowed by the statutes, even though the preliminary statement filed of his pre-primary expenditures shows on its face that he had spent $603, or an amount in excess of the sum allowed. It is our conclusion that the contestee was rightly here held entitled (if such be the fact) to show, by filing an amended statement, that such first stated and admitted expenditure was erroneous and incorrect in its stated amount and that he did not in fact violate the law by making any expenditure above that allowed. Both fairness to him and a proper consideration of the rights of those nominating him, it would appear, call upon us to uphold the candidate's right in such case to file such a corrected statement of his expenses, purporting therein to set out the true amount thereof, although in contradiction of the first statement made, provided such corrected statement can be, by sufficient and substantial proof, shown to be the true and accurate statement of the amount actually expended by him in securing his nomination.

Entertaining these views as to the right of contestee to file the amendatory statement here involved and objected to, it follows that the judgment of the learned chancellor, so holding, should be, and it is, affirmed.