**Elvy BRITTON, Appellant,**

v.

**Sydna GARLAND, Contestee, et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1960.

J. Milton Luker, London, Carlos B. Pope, Barbourville, for appellant.

Charles G. Cole, Jr., John C. Dixon, Barbourville, for appellees.

CULLEN, Commissioner.

Elvy Britton and Sydna Garland were opposing candidates at the regular election in 1958 for the office of member of the county board of education of Knox County. Upon the tabulation of the votes Mrs. Garland was found to be the winner. Britton brought this action to contest the election, charging a violation of the Corrupt Practices Act by Mrs. Garland. She asserted by way of counter contest that Britton had violated the Act. The court, upon a finding that there was no violation by Mrs. Garland but there were violations by Britton, dismissed the action. Britton has appealed.

The first claim of error has to do with the taking of depositions. While there is no showing of any prejudice having resulted from the alleged error, the question of law that is raised is a new one and therefore may deserve some discussion.

While it is presented in the briefs in a little different form, in substance the question is whether the contestee may take so called "discovery" depositions during the period of time that is allowed under the statute for the taking of the contestant's proof. The statute, KRS 122.080, provides that the contestant's evidence shall be completed within 30 days after the service of summons, and the contestee's within 25 days after the filing of answer, with authority in the court to grant extensions. In the instant case there was some delay in connection with the naming of a special judge, and an extension order was entered, giving the contestant 30 additional days from the date of the order and the contestee 15 days thereafter. Some 12 days elapsed after the extension order was entered without the contestant's having taken any proof, and the contestee then gave notice that he would take the deposition of the contestant and of three other witnesses "to be used for the purpose of discovery, or as evidence for the defendant." The contestant maintains that it was error for the court to overrule a motion he made to suppress the taking of the depositions.

While the argument of the contestant is in terms addressed to the proposition that the Civil Rules do not apply to election contest actions and therefore there is no authority to take discovery depositions in such an action, the argument in effect is that a contestee may not usurp any of the time allowed for the taking of the contestant's proof, but must wait until that time has expired. We think it is clear that the contestee has the right at some appropriate time to take a deposition of the contestant, whether the taking is stated to be for "discovery" purposes or otherwise, so the only question is one of time.

The contestant's argument might have some merit if the statute provided that the contestee's time for taking proof should commence at the end of the period allowed the contestant. But the statute provides that the contestee's time shall be computed from the *filing of answer*, so if the contestee promptly files his answer his time for taking proof will overlap in part the time allowed the contestant. The statute necessarily contemplates, then, that the contestee and contestant both may be taking depositions during the same period. We find nothing in the statute inconsistent or in conflict with the provisions of the Civil Rules relating to the taking of discovery depositions, so in accordance with CR 1 those provisions of the Civil Rules are applicable to contest proceedings. Therefore we conclude that the contestee has the right

to take depositions whether for discovery purposes or for use as evidence, at any time after the action has commenced.

Of course, if a contestee attempted to harass a contestant by scheduling such number and nature of depositions as to seriously interfere with the taking of the contestant's proof and to usurp a substantial amount of the time needed for the presentation of the contestant's case, the court could provide the necessary protection under CR 30.02 and 30.04. But the instant case does not present such a situation. At the time the deposition objected to was scheduled, the contestant had permitted almost two weeks of the extended period to elapse without taking any proof.

It is our opinion that the court did not err in overruling the motion to suppress the taking of the depositions.

The second claim of error is directed to the ruling of the trial court that the contestee could amend her post-election expenditure statement. The maximum lawful campaign expenditure for the office in question, under KRS 123.050, is $500. Within the time specified in KRS 123.070, Mrs. Garland filed her post-election statement showing a total expenditure of $507.55. Immediately after being served with the summons in the contest action, she filed an amended statement reducing the amount to $477.55. Upon the trial she established to the satisfaction of the court that the original statement was in error in that it included an item of $30 that properly was attributable to a candidate for another office. The appellant maintains that the expense statement could not be amended after the commencement of the contest suit.

In Best v. Sidebottom, 270 Ky. 423, 109 S.W.2d 826, an amended expenditure statement was filed before the contest suit was brought. In upholding the filing of the amended statement the Court said that a candidate has not only the right, but the duty, upon discovery that his original statement was incorrect or untrue, to file an amended statement. In Claypool v. Hines, 288 Ky. 18, 155 S.W.2d 478, the contestee's expenditure statement showed an overexpenditure and he at no time filed an amended statement, yet he was permitted to prove upon the trial that one item, sufficient in amount to bring the total below the expenditure limit, was actually a donation to a candidate for another office, and the Court held that this item could properly be deducted with the result that the expenditure statement did not constitue proof of violaion of KRS 123.050.

The effect of the holdings in the foregoing two cases is that a candidate is not irrevocably bound by his expenditure statement, but may show upon the trial of a contest suit that the statement was in error and that his expenditures in fact were less than shown in the statement, regardless of whether he has filed an amended statement. So, in the instant case, it was immaterial when the amended statement was filed, because even without filing it the contestee was entitled to prove, as she did, that her actual expenditures were below the statutory limit.

The final contention of the appellant is addressed to the provision of KRS 122.010 that if it is shown that the *contestant* has violated the Corrupt Practices Act, the contest action shall be dismissed. The appellant points out that since a contest action can be brought only by a defeated candidate, there is no way, in a situation where both candidates have been guilty of corrupt practices, by which the successful candidate can be deprived of the office, no matter how gross his violations may have been. The appellant argues that the legislature could not have intended such a result, under which the public is given no protection.

The wording and meaning of the statute are clear, and we cannot say that it does not mean what it clearly says. Nor can we invalidate the statute merely on the ground that we may disagree with its policy. The

**332**

constitutionality of this statute has previously been upheld by this Court. Payne **v.** Blanton, 312 Ky. 636, 229 S.W.2d 438.

While we find no ground upon which the statute can be held invalid, we deem it appropriate for us to suggest that the fault lies not in the fact that the statute bars a contest by a candidate who himself is guilty of corrupt practices, but in the failure of the legislature to comply with the mandate of Section 151 of the Constitution of Kentucky to provide in some way "suitable means for depriving of office. any person who * * * has been guilty of * * * corrupt practice * * *." KRS 122.010 simply does not provide suitable means, and it should be incumbent upon the General Assembly to enact legislation that will. This Court cannot supply the means by arbitrarily reading out of the statutes a bar against one possible procedure. for deprivation of office.

The judgment is affirmed.

BIRD, J., not sitting.