Case 66—ELECTION CONTEST BY S. B. HOLLIDAY AGAINST M. C. EVERSOLE FOR SHERIFF, OCT., 12.

## Eversole v. Holliday.

Appeal from Perry Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for contestant.   Contestee appeals.   Reversed.

1.  Elections—Nominations—Nomination by Petition—A candidate for nomination for a county office received a certificate of nomination at the primary.   The party authority canceled the certificate, and declared a competitor the party nominee. Thereafter the candidate filed an independent nomination by petition.   Held, that as the revocation of the certificate of nomination dated back to the primary and left the candidate in the same attitude he would have been if no certificate had been issued for him, he was entitled to have his name on the ballot by petition without complying with Ky. St. 1903, sec. 1454, providing that where any person has been nominated as a party candidate for any office and also as a candidate by petition, his name shall be placed on the ballot in the list of candidates nominated, unless he shall request that his name be printed as nominated by petition, the purpose of the statute being to prevent the same person from being placed on the ballot as a party nominee and also by petition.
2.  Same—A candidate for nomination for a county office at a primary received a certificate of nomination which was revoked by party authority and a certificate issued to a competitor.   The candidate attempted to appeal to a higher party organization, and obtained an injunction preventing the ac-

ceptance of the certificate issued to the competitor, which injunction was dissolved. The candidate filed a nomination by petition prior tò the dissolution of the injunction. Held, that as, at the time the petition was filed, he was not the nominee of the party, he was entitled to get on the ballot by, petition.

3. Same—Petition—Sufficiency.—A petition nominating an independent candidate for sheriff, which requests that the picture of the candidate shall be the device by which he shall be designated on the ballot, is a sufficient compliance with Ky. St. 1903, sec. 1453, requiring a petition for nomination to designate a device by which the candidate nominated thereby shall be designated on the ballot.

4. Same.—Under Ky. St. 1903, sec. 1453, providing that a petition for the nomination of a candidate shall designate the brief name or title of the party or principle which the candidate represents, together with a device by which he shall be designated on the ballot, it is not necessary that the petition nominating an independent candidate shall designate either a party title or principle.

5. Same—Ballots—Arrangement of Candidates.—The device and name of an independent nominee for sheriff was placed at the head of the independent column, and at the end of the column was the device and name of an independent candidate for representative. The clerk was not influenced by fraud. Held, that as the statute does not provide in what position on the ballot or in the column a device of an independent candidate shall be placed, the regular party nominee for sheriff could not complain of the arrangement of the ballot.

WM. CROMWELL, MILLER & FITZPATRICK, J. C. EVERSOLE, E. E. HOGG, F. J. EVERSOLE, P. T. WHEELER and HOGG & WILLIAMS, for appellant.

## QUESTIONS RAISED AND DISCUSSED.

1. That the petition of the appellant to be placed upon the ballot was not insufficient in: "That it designated no party or principle, or device to represent his candidacy."

2. That the County Court Clerk did not fail to observe the provisions of section 1460 of the Kentucky Statutes in the preparation and arrangement of the ballot.

3. That there was no fraud practiced by the clerk and that there was no collusion between him and the appellant, in the arrangement of the ballot.

4. That the ballots stenciled in a party device and also in an independent, or separate device, should be counted for the independent candidate.

5. That the election was not fraudulent or unfair in Campbell, Forked-Mouth, Carr's Fork, Leatherwood and the Two Town Precincts, and that the returns of none should be thrown out.

### AUTHORITIES CITED.

(Sec. 1453, Ky. Statutes; Cooley on Constitutional Limitation, page 92; Hollon v. Center, 19th Ky. L. R. 1134, 102 Ky. 123; Wilkins v. Duffy, 70 S. W. 673., sec. 1460, Ky. Statutes; Little v. Hall, 70 S. W. 642; Napier v. Cornett, 24th K. L. R. 576; 68 S. W. 1076; McCrary Elections, sec. 495; Tunks v. Vincent, 51 S. W. 622; sec. 1454, Ky. Statutes; Skidmore v. Hurst, 24th R. 536; Wilkins v. Duffy, 24th R. 932; Keller v. Ferguson, etc., 24 Ky. L. R. 1208; Edwards v. Logan, 24 Ky. L. R. 1099; Heroes v. Perry, 92 Ky. 961.)

WOOTEN & MORGAN, W. C. EVERSOLE and GREEN & VANWINKLE, for appellee.

1. A certificate of nomination for county offices must be filed not less than 15 days before the election. (Hollon v. Center, 102 Ky. 119, sec. 1456, Ky. Statutes.)

2. The Statute above cited, relating to the preparation of petitions to be placed on the official ballots, is mandatory and must be strictly complied with. (Skidmore v. Hurst, 24 Ky. R. 536.)

3. The arrangement of the ballot at this election shows a fraud upon its face.

4. The placing of appellant's name upon the official ballots was a fraudulent act of county clerk and himself.

5. The certificate of nominating appellant, Eversole, was a valid and subsisting certificate and entitled to all the credits as such on the entire day, October 23d, the last day for filing certificates or petitions.

6. As appellant had a certificate of nomination on file with the clerk October 23d, and also a petition asking to be placed on the ballot, it was imperative that he file a statement, in writing, on or before the day selecting his device.

7. Appellee charges fraud and collusion between appellant and the county court clerk in the preparation of the official ballots used at said election, and the proof in the record sustains the charge.

8. It is shown that the clerk was an ardent supporter of appellants and was on election day, in one of the voting precincts electioneering for him all day.

9. It is in proof that some of the ballots were voted in as many as five different circles and that comparatively few were voted in the square opposite the name of the independent candidate, as the law provides.

10. We insist that the conduct of the election, in at least three or more precincts, rendered the vote at these places invalid, and their vote should be disregarded.

### AUTHORITIES.

(Major v. Barker, 99 Ky. 305; Creech v. Davis, 21 Ky. Law Rep. 325; Skidmore v. Hurst, 24 Ky. Law Rep. 536; Banks v. Sergent, 104 Ky. 843; Anderson v. Likens, 104 Ky. 699; Southall v. Griffith, 37 S. W. 577; Bates v. Crumbaugh, 24Ky. Law Rep. 1205; Hollon v. Center, 102 Ky. 119; Ky. Stats. secs. 1453, 1454, 1456, 4460.)

OPINION BY CARROLL, JOHN D. COMMISSIONER—Reversing.

The parties to this appeal were contending candidates for the office of sheriff of Perry county before a primary election held in August, 1905. On the face of the returns the appellant, Eversole, received a majority of 50 votes and was awarded the certificate of nomination, which he filed in the office of the county court clerk. In due time, the appellee, Holliday, contested appellant's right to the nomination before the Republican county committee, which committee on October 21,1905, rendered a judgment canceling the certificate of nomination which had previously been issued to appellant, and declared appellee the nominee of the party. Appellant appealed from the decision of the county committee to the committee for the congressional district, and also attempted to have his case heard by the State executive committee, but he was not successful in obtaining a hearing before either of these committees. On the day the judgment was rendered by the county committee, appellant also instituted an action in the Perry circuit court, enjoining appellee and the county clerk of Perry county from filing or offering to file, the certificate of nomination granted to appellee by the county committee. A temporary restraining order was issued by the circuit clerk, but this was dissolved by the circuit judge

on October 23d. Appellant, evidently anticipating an adverse decision in the contest proceedings before the county committee, had prepared a petition in the manner provided in section 1453 of the Kentucky Statutes of 1903, signed by the requisite number of voters, requesting the county clerk to have printed on the ballots his name as a candidate for the office of sheriff—the petition stating that "the picture of himself, M. C. Eversole, shall be the figure, or device by which said M. C. Eversole shall be designated on said ballots." This petition was filed with the county clerk on the night of October 21, 1905. The county clerk in arranging the ballot, made four columns— the first being the Democratic ticket, under the device of a rooster, the second the Republican ticket, under the device of a log cabin, at the head of the third column he placed the name of M. C. Eversole as a candidate for sheriff, under the device of his picture, and in the same column under Eversole's name was placed the name of Green B. Morris, candidate for jailer, under the device of barefooted boy, and under this in the same column was placed the name of Hiram Fee, candidate for representative, under the device of his picture, and in the fourth column was placed the names of James Eversole and H. M. Begley as candidate for assessor, and the name of Fish Napier as candidate for sheriff—each of these names being under different device. John Gross was a candidate for sheriff in the Democratic column, but it appears that neither Gross nor Napier desired their names placed on the ballot, although they failed to notify the clerk of this fact in proper time, and as a result of their disinclination to run, which was generally understood, they only received a few votes each. On the face of the returns appellant received 851 votes and appellee 679, and the election commissioners awarded a certificate to appellant. Appellee in the manner provided in the statutes, contested the election, chiefly upon the

ground that appellant's name was improperly and unlawfully placed upon the ballots, and that none of the votes cast for him should be counted. His election was also contested upon the ground of fraud and irregularity in several precincts in the county. And appellant likewise contested a number of votes cast for appellee, upon the ground that they were fraudulent and illegal. The circuit court in an opinion adjudged that the name of appellant was not legally placed and printed on the official ballots and that all the votes cast and counted for him were illegal and should not be counted for any candidate, basing his opinion upon the ground that as appellant had filed with the county clerk the certificate of nomination issued to him by the governing authority of the Republican Party in Perry county, and had not filed any statement waiving his right to the certificate of nomination, that his petition to be placed on the ballot as an independent candidate was not filed in good faith and was void, and did not entitle him to a place on the ballot. The circuit court did not pass on the question of the legality of the votes cast either for appellant or appellee, nor do we deem it necessary to go into this question. Irregularities, and, in some instances, frauds, were perpetrated in the interest of both candidates, but not in a sufficient degree to affect the result, or to overcome the majority received by appellant if he is entitled to the votes received by him. Therefore, in disposing of the case we will consider the question passed on by the lower court, and mainly relied on by counsel in this court, and a few minor irregularities in the preparation of the ballot to which our attention is directed.

Section 1453 of the Kentucky Statutes of 1903 in so far as the same is pertinent, provides that, "The county clerk in each county shall cause to be printed on the respective ballots　*　*　*　the names of any candidate for any office when petitioned so to do by

electors qualified to vote for such candidates.   Such petition shall state the names and residences of each of such candidates that is legally qualified to hold such office; that the subscribers desire and are legally qualified to vote for such candidates, and shall designate a brief name or title of the party or principle which said candidates represent, together with any simple figure or device by which they shall be designated on the ballot.''

Section 1454 of the Kentucky Statute of 1903 reads in part: ''If any person had been nominated as a candidate for any office by convention, and also as a candidate for the same office by petition, his name shall be placed on the ballot but once, to-wit: in the list for candidates nominated by such convention, and the place occupied by his name in such petition shall be left blank; provided, that if such candidate shall in writing prior to the last day for filing nominations request that his name be printed as nominated by petition, it shall be so printed, and shall be omitted from the list nominated by convention.''

Section 1460, Kentucky Statutes of 1903 provides that ''the county clerks of the several counties shall cause the name of all candidates of their respective jurisdictions, where nominations for any office specified on the ballot have been duly made and not withdrawn in accordance herewith, to be printed on one ballot, all nominations of any party or group of petitioners as designated by them in their certificate or petitions, or if none, be designated under some suitable title or device.''

Appellant did not, as provided in section 1454, request that his name be printed as nominated by petition, or that it be omitted from the list nominated by the primary, and it is insisted by appellee that as appellant had filed with the clerk the certificate of nomination issued to him by the governing authority of the party, that he could not have his name placed on the

ballot by petition until he had in writing requested the clerk to print his name as nominated by petition, and that failing to file this written request, the clerk had no authority to place his name on the ballot by petition. It is true that the governing authority of the party had issued to appellant a certificate of nomination and that he had filed this with the clerk, but it is also true that subsequently the same governing authority of the party canceled and revoked the certificate of nomination issued to appellant, and declared that appellee was the nominee of the party for the office of sheriff. This revocation of the certificate issued to appellant dated back to the primary, and had the effect of annulling as of the date of its issual the certificate given to appellant, and left him in the same attitude as he would have been if no certificate had been issued to him at all. At the time his petition was filed with the clerk, he was not the nominee of the party under the primary election. It would have been idle for him to have filed a written statement with the clerk renouncing the nomination when the party that gave it to him had taken it back, and he had no nomination to decline. The purpose of the statute as made manifest by its reading was to prevent the same person from being placed on the ballot in two places— as nominee of the party and by petition—hence, it declares that if any person has been nominated as a candidate by convention and also as candidate for the same office by petition, his name shall be placed on the ballot but once, namely, in the list of candidates nominated by such convention, unless he renounces the nomination, and requests that his name be printed as nominated by petition. Nor was his petition filed until after appellee had tendered to the clerk the certificate of nomination to him. It is said, however, for appellee, that although the certificate of nomination issued to appellant had been revoked by the gov-

erning authority in the county, that he obtained an injunction preventing the clerk from accepting the certificate of the appellee, and also prosecuted an appeal from the decision of the county committee to a higher party organization having the right to reverse and set aside the action of the county committee. These efforts on the part of appellant to prevent the action of the county committee in giving a certificate to appellee from becoming effective, did not change the status of affairs at the time his petition was filed, nor was it as the record shows subsequently changed. At the time his petition was filed he was not the nominee of the governing authority in the county for the office of sheriff, and at that time the only way in which he could get on the ballot was by petition. If any other rule were adopted, a hostile and unfair party committee might on the last day in which to file petitions and certificates of nomination annul a certificate previously issued and give the nomination to another party, and thereby prevent the person who had first obtained it from becoming a candidate by petition. When the certificate to appellant was revoked, he had at once the right to file his petition with the county clerk, and this right existed irrespective of any attempt on his part to have restored to him the certificate of nomination. If afterwards the courts or the governing authority of the party had declared him to be the nominee of the primary election, his name could only go on the ballot once, as such nominee, unless after he received the nomination he renounced it in the manner pointed out in the statute.

It is further urged that the petition of appellant is not sufficient because it fails to designate a brief party name or title of the party or principle which appellant represented, together with a device or figure by which he should be designated on the ballot. The petition requests that "the picture of himself, M. C. Eversole, shall be the figure or device by which he shall be des-

ignated on the ballot,'' and in this respect the petition was a sufficient and substantial compliance with the statute, as it does not point out or describe the character of the figure or device which the candidate shall designate, and under this provision the candidate has a right to designate any figure or device he sees proper to select, except that he may not designate ''the coat of arms or seal of the State or of the United States, the national flag, or any other emblem common to the people at large.'' Nor is it necessary that a candidate by petition who does not seek to have his name placed on the ballot under the device and title of a political party shall designate the name or title of the party or principle which the candidate represents. The Ky. St. 1903 §1453, provides in part that ''If any political party entitled to nominate by convention shall in any case fail to do so, the names of all nominees by petition for any office who shall be described in that petition as members of and candidates of such party shall be placed under the device and title on the ballots as if nominated by convention.'' But, if a candidate desires to make the race independent of any political party, and not as the champion or advocate of any particular principle, it is not necessary that the petition shall designate either party title or principle. Any other construction would prevent an independent candidate from being placed on the ballot by petition, and would practically annul so much of the statute as allows persons to be placed on the ballot by petition, as it usually happens that those candidates who are placed on the ballot by petition are making the race entirely independent of any political party, and the statute gives to the people the right when a requisite number so desire to have placed on the ballot a person for whom they can vote without any reference as to whether or not he represents or is a candidate of any party, or is a champion or advocate of any particular principle. When this is the case, it is

only necessary that the petition shall designate a figure or device by which the candidate shall be known on the ballot. The action of the county clerk is severely criticised by counsel, but a careful reading of the record satisfies us that the county clerk was not guilty of any improper or fraudulent conduct; on the contrary, he seems to have been actuated by a purpose to discharge his duty impartially.

Appellee was placed on the ballot in the Republican column as the nominee and under the device of that party; nor was he deceived by the failure of appellant to file a written renunciation of the nomination received by him, and which had been revoked, nor ignorant of the fact that appellee did intend to have his name placed on the ballot by petition. There is filed in the record the certificate of the deputy clerk of the Perry county court, dated October 26, 1905, reciting that the petition of appellant asking that his name be placed on the ballot under an independent device as a candidate for sheriff of Perry county was filed with the county clerk on October 21, 1905, and on October 26th, was in the possession of the county clerk who was then absent from the county for the purpose of having the ballots prepared. The clerk placed the device and name of appellant at the head of the third column, and at the foot of the column the device and name of the independent candidate for representative, and of this arrangement appellant complains insisting that the name of the candidate for representative should have been placed at the head of the column and the name of the appellant under it. The statute does not provide in what position on the ballot or in the column the name and device of an independent candidate shall be placed. Nor is there anything in the record to show that the clerk was influenced by any improper or fraudulent purpose in placing the name and device at the head of the column, nor does the independent candidate for representative complain that

his name was placed at the foot of the column. Carrying out the purpose of the statute, it is proper when candidates for various offices are nominated either by convention or petition, that the candidates shall be placed on the ballot in the order of the importance of the office for which they are candidates, placing the most important office at the head of the column, but this rule cannot obtain where a single independent candidate is nominated by petition.

Appellant having received a majority of the votes cast, and there being no fraud practiced by any person connected with the election that would authorize us to disfranchise the voters who cast their votes for appellant, the judgment of the lower court is reversed with directions to award the office to appellant, and for proceedings consistent with this opinion.