CASE 92.—ELECTION  CONTEST  BY J.  A.  THOMPSON
AGAINST WILLIAM YOWELL.—April 14, 1910.

## Thompson v. Yowell

Appeal from Marion Circuit Court.

I. H. Thurman, Circuit Judge.

Judgment for defendant, and contestant appeals.— Affirmed.

Elections—Nomination.—Ky. St. section 1453, providing that the petition for nomination "shall designate a brief name or title of the party or principle which said candidates represent, together with any simple figure or device by which they shall be designated on the ballots," is  directory and  not mandatory, and an election was not invalid because the ballots did not bear a figure or device; the clerk having re- fused to use a figure selected by petitioners.

H. W. RIVES for appellant.

BEN SPALDING and LAFE S. PENCE for appellee.

Opinion of the Court by Judge Nunn—Affirming.

The parties to this appeal were rival candidates for the office of chief of police of the city of Lebanon at the November, 1909, election. They were not

the nominees of any political party, but sought a place upon the ballot by petition; a figure or device being selected for each candidate by the petitioners. The petitioners selected for appellee the figure of "two men standing erect and facing each other, with their right hands clasped in fellowship." For some reason, which does not appear in the record, the county clerk, whose duty it was to prepare the ballots, declined to use the figure or device selected by the petitioners for appellee, failed to select another for him, and had the ballots printed with the appellee's name thereon as a candidate for said office, but without any device at all for him. The election resulted in a majority of the votes being cast for appellee, Yowell, and the certificate of election was awarded him by the board of election commissioners. Thompson, the appellant, contests the election on the ground that Yowell's name was illegally placed on the ballots, for the reason that no figure or device accompanied the same, and that, therefore, the votes cast for him should not have been counted at all. It is not claimed that Yowell, or any one representing him, was responsible for the ballots appearing without a figure or device thereon above appellee's name. The trial in the lower court resulted in a judgment in favor of appellee.

That portion of section 1453, Ky. St. (Russell's St. sec. 4012), applicable to the question before us and with reference to securing a place on the ballot by petition, is as follows: "* * * That the subscribers [to the petition] * * * shall designate a brief name or title of the party or principle which said candidates represent, together with any simple figure or device by which they shall be designated on the ballots." It will be observed that the statute is as posi-

tive that the name or title of the party or principle which said candidates represent shall be stated, as it is that the figure or device shall be designated. In the case of Eversole v. Holliday, 123 Ky. 496, 29 Ky. Law Rep. 927, 96 S. W. 590, it was held that the failure of the clerk to place the name of an independent candidate, or a candidate by petition, on the ballots, with the party name or principle which he represented, did not invalidate his election thereunder; in other words, that portion of the statute is merely directory, and not mandatory. This provision of the statute, requiring the figure or device to be placed upon the ballots, was enacted to enable such voters as were unable to read to cast their ballots without the aid or intervention of the election officials. By familiarity with the figure or device, the stencil could be placed by the voter for the candidate of his choice, although he could not read the name upon the ballot. It is a provision in aid of that class of voters, as well as of the candidate. The failure to have the figure or device upon the ballots might have been hurtful, but certainly not helpful, to appellee in the election.

In our opinion the voters who cast their ballots for him should not be disfranchised, and the appellee deprived of his office, by the failure of the clerk to place a figure or device on the ballots above his name. If it were shown that the appellee, or any one representing him, was instrumental in having the figure or device omitted from the ballots, with the purpose of obtaining thereby some possible advantage in the election, the case might be different. But this was not made to appear in the case before us.

For these reasons, we are of opinion that the lower court did not err in adjudging appellee's election valid, and the judgment is therefore affirmed.