## Young v. Wooden, et al.

(Decided October 3, 1924.)

### Appeal from Logan Circuit Court.

1. Attachment—Court Erred in Discharging Attachment, though Clerk Failed to Sign Certificate to Verification.—Court erred in discharging attachment because clerk failed to sign certificate beneath plaintiff's signature to verification to petition, where evidence showed plaintiff was sworn by such clerk, but should have directed clerk to sign.

2. Affidavits—"Jurat" no Part of Affidavit.—"Jurat" is no part of affidavit, but simply certificate evidencing fact that affidavit was properly made, and affidavit defective merely by reason of omission of jurat may be amended nunc pro tunc on proof of its authenticity.

E. J. FELTS and S. R. CREWDSON for appellant.

I. G. MASON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant sought to recover of A. J. Wooden $700.00 with interest from July 19, 1920. At the time he filed his petition, he gave bond and took a general order of attachment against the property of Wooden. When the case was heard the court gave him a judgment against Wooden for $503.56 with interest from July 19, 1920. The court discharged the attachment and denied to the appellant a lien upon the attached property. The matter in controversy here is the correctness of the court's ruling in discharging that attachment.

The appellant's petition contained all the necessary averments to obtain an attachment, and is followed by a verification which was duly signed by the appellant, and beneath his signature there is written: "Subscribed and sworn to before me by S. C. Young, this 13th day of October, 1921.

———————————."

The clerk failed to sign this certificate, and because he did so fail, the lower court discharged the attachment. The appellant's deposition was taken and in his deposition he was asked if he had sworn to that petition at the time it was filed, and he said that he had, that he signed it and swore to it, and that both the clerk of the court and the deputy clerk were present. The deposition of the clerk was taken and in it, when asked whether or not he

administered the oath to appellant at the time the petition was filed, he said: "I think I remember swearing Mr. Young to that petition." When this proof was made, the court should have then directed the clerk to sign this certificate. The appellant had done all that he could do. He had filed his petition, he had sworn to it and all that remained to be done was for the clerk to sign a certificate to that effect. The failure of an officer to affix his signature to the jurat to an affidavit doesn't invalidate process issued thereon, if it appears from other evidence that the affidavit was actually sworn to before an officer authorized to administer oaths. The jurat is no part of an affidavit. Blackburn v. Commonwealth, 202 Ky. 751. The jurat is simply a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. Although it has been said that, strictly speaking, it is no part of the affidavit, but simply evidence that the latter has been duly sworn to by the affiant, common prudence would dictate that a properly executed jurat be attached to every affidavit. This rule is based upon the principle that a party should not suffer by reason of the inadvertent omission of the officer to perform his duty. An affidavit thus defective merely by reason of the omission of the jurat may be amended *nunc pro tunc* upon proof of its authenticity; and while the better practice is to move thus to amend, failure to do so will not necessitate its exclusion. The affidavit was complete when appellant signed it and swore to it, and all that is needed is proof that he did so. Of course, this proof is best supplied by the officer's certificate that he did so, made at the time, but if not made then, the officer can make it later, or, that it was sworn to can be established by proof *aliunde*. It follows that the court erred in discharging the attachment. See Garriott v. Tiller & Allen, 13 Ky. L. R. 96.

Judgment is reversed and this cause remanded with directions to sustain the attachment, and for further proceedings consistent with this opinion.