### Duff v. Salyers.

(Decided June 14, 1927.)

## Appeal from Perry Circuit Court.

1. Elections.—Pre-election expense account, in substantial compliance with Ky. Stats., section 1565b-4, held not to invalidate election of county judge because of omission of "and" in phrase "and to the best of knowledge by others on his behalf," in stating in detail moneys or things of value promised by candidate and failure to date items of expenses.

2. Elections.—Where, on all evidence in election contest, the mind is left in doubt as to the truth, judgment of the circuit court that the Corrupt Practice Act (Ky. Stats., sections 1565b-1—1565b-21) was not violated by candidate for county judge cannot be disturbed.

3. Elections.—Guilt under the Corrupt Practice Act (Ky. Stats., sections 1565b-1—1565b-21) must be proved by competent evidence,

but to prove it by circumstantial evidence inferences therefrom must be sufficient to satisfy the ordinary judgment.

4. Elections.—In election contest, positive evidence of successful candidate and those working with him in hotel room that he had no connection with money given out from another room could not be disregarded on bare suspicion or proof of circumstances connecting him with the disbursement.

5. Elections.—Contest of an election under the Corrupt Practice Act (Ky. Stats., sections 1565b-1—1565b-21) is not a "criminal proceeding," and facts need not be proved beyond a reasonable doubt, but must be proved by a preponderance of evidence.

6. Witnesses.—In election contest, witnesses, introduced by contestant to prove bribery of voters and unlawful use of money, should have been required to answer questions fully, since, under Ky. Stats., section 1565b-20, and Constitution, section 11, their answers could not be used against them.

7. Elections.—In election contest, failure of trial court to compel contestant's witnesses to answer all questions as to bribery of voters and unlawful use of money was harmless, where it was afterwards shown that money witnesses had did not come from successful candidate or any one else with his knowledge.

SAUFLEY & WARD for appellant.

T. E. MOORE, JR., for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

At the November election 1925 E. C. Duff and Dr. K. N. Salyers were candidates for the office of county judge of Perry county. Salyers received a majority of the votes cast, and Duff instituted a contest of the election. On final hearing his petition was dismissed, and he appeals.

The case turns wholly on the question whether the Corrupt Practice Act (Ky. Stats., sections 1565b-1—1565b-21) was violated by Dr. Salyers. It is earnestly insisted that his pre-election expense account is not sufficient under the statute. The expense account is in these words:

"The following is a true statement in detail of all sums of money or other thing of value contributed, disbursed, expended, or promised by me, to the best of my knowledge and belief, by any person in my behalf, wholly or in part, endeavoring to secure my election for such office, and also all sums of money contributed, disbursed, expended, or promised by me

in support and in connection with the election of any other person at such general election, and dates when persons to whom and the purpose for which all such sums were paid, expended or promised:

"Items in detail, showing dates, persons to whom paid, and by whom, and purpose for which all contributions, disbursements, expenditures, or promises were paid first by me or by any person in aid of my election.

To advertising, Herald Publishing Company $18.50
To devices and cut ........................................................ 7.80
To meals and train fare ................................................ 3.70

$30.00

"Second, by me in connection with the nomination of any other person."

The affidavit is substantially in the form provided by section 1565b-4, Ky. Stats., but it is insisted that the statement does not "set forth in detail all sums of money, or other things of value, contributed, disbursed, expended or promised by him, and to the best of his knowledge and belief, by any person in his behalf, wholly or in part, endeavoring to secure his nomination or election to such office or place; and also sums of money contributed, disbursed, expended or promised by him in support and in connection with the nomination or election of any other person at such election, . . . and showing the dates when, the persons to whom, and the purpose for which all such sums were paid, expended or promised," as provided by Ky. Sats., section 1565b-4.

While the statement does not contain all of this, all of it, in substance, is embraced in the affidavit following the form given in the statute, except the dates when the money was paid. This is a substantial compliance with the statute. To hold that an election was invalidated by a mere clerical error in omitting the word "and" in writing out a statement would be to defeat the very purpose of the statute. The statement gives the amount spent and what the money was spent for. The failure to date the items in no manner affects the substance of the matter. All that is required is a substantial compliance with the statute, and this was done here.

A like post-election statement was filed, which was sufficient for the reasons above stated. But it is insisted that these statements are untrue. A large amount of proof was taken to show a violation of the Corrupt Practice Act. It would unduly extend this opinion to discuss all of this mass of evidence. The testimony of James Cornett, which is chiefly relied on, was based on what he said Arthur Gay told him, but Gay denies that he told him these things, and it also develops that Gay was not working for Dr. Salyers, but for Mrs. McIntosh, who was a candidate for jailer. There is some proof in the record that Judge Smith gave out some money, and that he was occupying room No. 320, which adjoined No. 322 at the hotel occupied by Dr. Salyers, and that Smith was working for Salyers. But it also appears that Smith was also working for the whole Republican ticket, except E. C. Duff, and there is no evidence connecting Dr. Salyers with this money. In addition to this, the evidence indicates that the money was spent for the Republican ticket, except E. C. Duff. William Ingle, Harve Ingle, and the other men who stayed regularly in room No. 322 confirmed the testimony of Dr. Salyers that he used no money. Two witnesses testify to receiving money from Dr. Salyers, but their testimony is contradicted, and they were impeached as witnesses. On the whole case the judgment of the circuit court cannot be disturbed under the rule that, where on all the evidence the mind is left in doubt as to the truth, this court will not reverse the circuit court on the facts.

The choice of the people at an election may not be lightly set aside. Guilt under the Corrupt Practice Act must be proved by competent evidence. It may be shown by circumstantial evidence, but, to be sufficient for this purpose, the inference from the circumstances must be sufficiently certain to satisfy the ordinary judgment. The positive testimony of appellee and all those working with him in room No. 322 may not be disregarded on bare suspicion or proof of circumstances of uncertain significance. Appellee was elected by a decisive majority. He who assails such an election under the Corrupt Practice Act must make out his case by competent evidence as in other cases. This is not a criminal proceeding. The facts need not be proved beyond a reasonable doubt (Ashley v. Wait, 228 Mass. 63, 116 N. E. 961, 8 A. L. R. 1463), but they

must be proved by the preponderance of evidence (Chappell v. Colson, 189 Ky. 102, 224 S. W. 666). Section 20 of the Corrupt Practice Act provides:

"The statement of any person testifying in any case pending under the provisions of this act shall not be used against him in any prosecution or civil proceeding." Ky. Stats., section 1565b-20.

This provision is in substance the same as section 1594, Kentucky Statutes, covering other election frauds. Section 11 of the Constitution provides that in all criminal prosecutions the accused "cannot be compelled to give evidence against himself." But, when it is provided by law that the evidence he gives in such a proceeding as this may not be used as evidence in any case against him, this provision of the Constitution is not violated, for the purpose of the constitutional provision is to protect the accused "in all criminal prosecutions." L. H. & St. L. Ry. Co. v. Schwab, 127 Ky. 82, 105 S. W. 110, 31 Ky. Law Rep. 1313; Bentler v. Com., 143 Ky. 503, 136 S. W. 896; 8 R. C. L. p. 77, section 32.

A number of witnesses, who were introduced by the contestant to prove bribery of voters at the election and the unlawful use of money, refused, on the advice of counsel for defendant, to answer the questions. This was wrong. They should have been required to answer the questions fully, as under the statute their answers could not thereafter be used against them. Counsel were in error in suggesting to the witnesses not to answer the questions. But these witnesses were afterwards all brought before the court, and, when required by the court, did testify that they got no money from Dr. Salyers, and, so far as they knew, got no money with his knowledge or consent. The court should have required them to answer the other questions, but his failure to do so in no wise affected the result of the case, after it was shown that the money that these persons had did not come from Dr. Salyers or from any one else, with his knowledge, consent or procurement.

Judgment affirmed.

Whole court sitting.