## Monhollan v. Rice.

Oct. 17, 1941.

B. B. Snyder for appellant.

Johnson & Feather for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Tom Monhollan, and the appellee, R. M. Rice, were opposing candidates for the Republican nomination for the office of constable of the fourth magisterial district of Whitley county at the primary election held on August 2, 1941. There were three candidates in the race, and the appellee received a plurality of 18 votes. Monhollan instituted a contest proceeding in which he set up several grounds of contest, but all were abandoned except the attack on appellee's pre-election statement of expenses. The circuit court held that the pre-election statement of expenses filed by the appellee substantially complied with the requirements of the Corrupt Practice Act and dismissed the contestant's petition. Monhollan has appealed.

Section 1565b-4, Kentucky Statutes, provides that any person who shall be a candidate at any primary election shall, on the fifteenth day before the date for making nomination, file with the officer with whom his nomination papers must be filed a statement in writing subscribed and sworn to by him which shall set forth in detail all sums of money, or other things of value, contributed, disbursed, expended or promised by him, and to the best of his knowledge and belief by any person in his behalf, wholly or in part, endeavoring to secure his nomination. The statute further provides that such statement shall set forth in detail each item of contribution or expenditure, and prescribes the form of oath to be subscribed and filed with the statement. The appel-

lee filed his expense account with the proper officer July 18, 1941, which reads in part:

"Pre-Election Statement of Expenses:

Of

"R. M. Rice.

"Candidate for office of Constable of the 4th Magisterial District of Whitley County, for nomination on the Republican ticket.

＊　　＊　　＊

"Amount contributed to me from all sources $——

"Amount expended in my behalf by other persons or corporation ............... $——

"Amount contributed, disbursed, expended or promised by me in support of or in connection with the nomination of election held on 2nd day of August, 1941 ... $——

"Amount promised or paid by me to:

"Tom Shelton, Whitley County Court Clerk, on June 10th, 1941, Notification and Declaration Fee ........................ $ 1.00

"Corbin Times on June 1, 1941, Political Advertisement ........................ $ 5.00

"Watkins Printing Company, July 1, 1941, Political Advertisement .............. $ 3.25

"George Jones, on July 1, 1941, Political Advertising ........................ $ 6.00

"Lyle L. Willis, July 1, 1941, Cards for Advertising .......................... $ 1.95

"Bob Gill, July 15, 1941, Political Advertisement ............................. $ 1.90

"Sandy Sears, July 16, 1941, use of truck for speaking ........................... .50

"Total ............................... $19.00

"Dated at Corbin, Kentucky, this 18th day of July, 1941.

"(Signed)　R. M. Rice

＊　　＊　　＊

"I, R. M. Rice, do solemnly swear that the statement herewith filed embraces all money spent

by me, or in my behalf with my knowledge or by any person for me; that I have neither directly nor indirectly arranged for or encouraged the spending of any money other than as shown in my said statement; and that I have not repaid any money so spent or claimed to have been spent; and that I will not do so; and that I have not violated any of the provisions of this act in letter or in spirit.

"(Signed)   R. M. Rice

"Subscribed and sworn to before me this 18th day of July, 1941.

"My commission expires April 25, 1944.

"(Signed)   Letha T. Sutton
"Notary Public
"State of Kentucky
"County of Whitley."

The expense account is attacked on the following grounds: (1) It was filed one day too soon, or on the sixteenth day before the primary; (2) leaving blank amounts opposite the first three items in the account rendered it fatal; and (3) the officer administering the oath failed to state she swore R. M. Rice.

We have held in a number of cases that the filing of a pre-election statement of expenses, as required by Section 1565b-4 of the Kentucky Statutes, is mandatory, but that the time for filing same is directory only and reasonable and substantial compliance as to time is all that is required. Best v. Sidebottom, 270 Ky. 423, 109 S. W. (2d) 826; Ridings v. Jones, 213 Ky. 810, 281 S. W. 999; Hoskins v. McGuire, 194 Ky. 785, 241 S. W. 55; Felts v. Edwards, 181 Ky. 287, 204 S. W. 145. In most, if not all, of the cases cited in which it was held that the time fixed by the statute for filing the pre-election statement of expenses is directory, the statement was filed less than fifteen days before the primary, but we think a statement filed only one day before the date fixed by the statute is likewise a substantial compliance with the act. In the present case, however, appellee's statement of expenses was filed on the fifteenth day before the primary and not on the sixteenth day as claimed by appellant who insists that the day of election should be included in the number of days counted, but we think a proper construction of the statute requires that the day

before the election should be treated as the first day to be counted.

We find no merit in appellant's contention that the blank lines opposite the first three items in the statement render the statement void. When the statement is read as a whole, including the affidavit, it is clear that the only expenses incurred by the appellee or expended in his behalf by other persons were the items making a total of $19 and that the blank lines mean that no expenses or contributions falling within the first three items of the statement were incurred or received. In Duff v. Salyers, 220 Ky. 546, 295 S. W. 871, 872, the pre-election statement of expenses of the contestee was attacked on the ground that it was not sufficient under the statute in that it did not set forth in detail all sums of money disbursed or contributed under the three items of which complaint is made in the present case. In the Duff case these three items were wholly omitted. In holding that the statement was sufficient, the court said:

> "While the statement does not contain all of this, all of it, in substance, is embraced in the affidavit following the form given in the statute, except the dates when the money was paid. This is a substantial compliance with the statute."

The statement in the present case contains several items of expense and in each instance the amount is stated as well as the name of the person to whom it was paid, the purpose for which it was paid, and the date the expense was incurred. In the affidavit accompanying the statement the appellee stated that the expense account filed therewith embraced all money spent by him or in his behalf with his knowledge or by any person for him. This constituted a substantial compliance with the statute.

It is finally insisted by appellant that the jurat to the affidavit is faulty in that it fails to show that R. M. Rice was the person sworn. This contention is wholly without merit. The statement was signed by R. M. Rice and the affidavit was signed by him. Immediately under his signature to the affidavit this appears: "Subscribed and sworn to before me this 18th day of July, 1941." The affidavit was subscribed by R. M. Rice, and the only reasonable inference deducible from the jurat is that it was sworn to by him. The rule generally recognized is

that the jurat is no part of the affidavit unless made so by statute, and if it is defective or even omitted the fact that the affidavit was properly sworn to may be proven by other evidence as was done in the instant case. Young v. Wooden, 204 Ky. 694, 265 S. W. 24; Blackburn v. Commonwealth, 202 Ky. 751, 261 S. W. 277.

The judgment is affirmed.