### Justice v. Whitt.

May 14, 1946.

Joe Hobson for appellant.

M. J. See for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

R. P. Justice was the Democratic nominee for Justice of the Peace in Magisterial District No. 1 in Martin County at the November election in 1945. John Whitt was the Republican nominee for the office. Magisterial District No. 1 consists of Lick Branch Precinct

No. 2 and Pack Bottom Precinct No. 6. Justice received 172 votes and Whitt 128 votes. Whitt filed this contest proceeding on the ground that he would have been elected if his name had been placed under the emblem of the Republican Party. It seems, through error on the part of the printer, the Log Cabin was placed over the Democratic Party column and the Rooster was placed over the Republican Party column. Martin County is predominantly Republican and Justice was the only Democratic nominee for a county office. On the day before the election it was discovered that the names of two candidates had been left off the ballot, so the clerk and the county attorney went to Paintsville and had the ballots reprinted, but it was not until the morning of the election that the error as to the emblems was discovered. When the discovery was made the election officers in the two precincts here involved went to the county seat to discuss the matter with the county clerk and they were advised to go ahead and conduct the election with the ballots as printed, and to instruct the voters to vote in the square opposite the name of the candidate of their preference and not under the party device. Justice's answer sets forth, and his evidence supports the allegation, that after the mistake in the ballots was discovered, he and Whitt entered into an agreement to go ahead and conduct the election with the ballots as printed, and to caution the voters to vote for the individual candidate and not under the party device. In the prayer of his petition Whitt asked that he be declared the duly elected magistrate and for all other proper relief. He made no specific plea that it be adjudged no election was held. The special chancellor ruled that the election was void because of the mistake in the placing of the party emblems; because the error caused considerable confusion to the voters; because the district is overwhelmingly Republican; and because the sanctioning of such disregard of the statute would destroy the simplicity of voting under the party emblem. The judgment recites, however, that it was not shown that any Republican lost his vote because of the misplaced emblems.

Justice is urging that the judgment should be reversed because (1) there were 162 votes marked in the square opposite his name and Whitt's total vote was only 128, and therefore he received a majority of the

votes cast in the election, even disregarding the votes cast for him under the party emblem; (2) the pleadings did not warrant the declaration that there was no election; and (3) since Whitt made an agreement with him to the effect that the election should be conducted with the ballots as printed, he is now estopped to question the legality of the election because of the arrangement of the ballots. Since we are of the opinion that the first contention of the appellant is meritorious, it becomes unnecessary to discuss the remaining two.

The evidence for Justice showed there was virtually no confusion among the voters; there were actually 162 ballots voted in his favor in the square opposite his name; that the total vote for Whitt was only 128; that Whitt had been engaged in a hard Republican primary in August and that his opponents in the primary supported him (Justice); and there were two more votes cast in the 1945 election in Magisterial District No. 1 than were cast in the 1944 presidential race and 20 more votes than were cast in the election for Congressman and U. S. Senator in 1944. As indicated in the chancellor's judgment, there was no showing that any Republican was deprived of his vote. Furthermore, there was no proof of fraud in the preparation of the ballots or in the manner in which the election was conducted.

The purpose of an election is to determine the sense of the voters, and public policy demands that one not be lightly set aside. One who contests an election must show such fraud, intimidation, bribery or violence in its conduct as to indicate that neither the contestant nor the contestee could be said to have been elected fairly. Skain v. Milward, 138 Ky. 200, 127 S. W. 773; Duff v. Salyers, 220 Ky. 546, 295 S. W. 871; Drennan v. Roberts, 234 Ky. 574, 28 S. W. 2d 735.

KRS 118.170 provides for the manner in which party emblems shall be placed upon ballots. The primary purpose of the emblem or device is to enable voters who are unable to read to cast their ballots without the assistance of the election officers. The case of Thompson v. Yowell, 137 Ky. 766, 126 S. W. 1102, 1103, furnishes an able discussion of that question. That case presents a situation somewhat similar to the one at bar, and we believe it to be controlling here. In the Thompson Case the names of two candidates for chief of police of Lebanon were placed upon the ballot by petition. They were

not candidates of any political party. The petitioners for each candidate selected a device to be placed upon the ballot. In printing the ballots the clerk had Yowell's name properly placed upon the ballot, but omitted the device chosen by his petitioners. Yowell received the larger number of votes and the certificate of election was given him. Thompson contested the election on the ground that Yowell's name was illegally placed upon the ballots for the reason that no device or emblem was placed above his name. He contended in the absence of the device the votes cast for Yowell should not have been counted. In upholding Yowell's election, it was said:

"* * * The failure to have the figure or device upon the ballots might have been hurtful, but certainly not helpful, to appellee in the election.

"In our opinion the voters who cast their ballots for him should not be disfranchised, and the appellee deprived of his office, by the failure of the clerk to place a figure or device on the ballots above his name. If it were shown that the appellee, or any one representing him, was instrumental in having the figure or device omitted from the ballots, with the purpose of obtaining thereby some possible advantage in the election, the case might be different. But this was not made to appear in the case before us."

We have noted in the case at bar there was not an omission of emblems, but rather the misplacing of them, and we do not think the cases can be distinguished on that ground. Justice received 162 votes stamped opposite his name, while Whitt's total vote was only 128. This clearly indicates that a majority of the voters in Magisterial District No. 1 desired to have Justice serve them as their magistrate. There was a large vote cast. There was little or no confusion, and no showing of fraud on the part of either Justice or any of the Martin County officials. It appears to us that if we upheld the chancellor's ruling we would be defeating or setting aside the choice of the voters in Magisterial District No. 1.

In closing we may say that Whitt attempts to distinguish the Thompson case on the ground that the candidates' names were placed upon the ballot by petition and not as nominees of old established political parties, but we believe this distinction to be groundless. In each

case there was a regular election for a public office. Furthermore, the vote itself refutes this argument because, even though rival candidates of old established parties were involved in the case at bar, and admittedly the election was in a section where there may be a number of voters who are unable to read, there were only 10 ballots on which the stamp was placed under the emblem of the Repubican party. These 10 ballots have been deducted from Justice's total vote of 172 and have not been considered in arriving at the conclusion that he was duly elected by a majority of the voters in Magisterial District No. 1.

Judgment reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.