## Robinson v. Spradlin et al.

November 29, 1946.

452

Francis M. Burke for appellant.

Joe P. Hobson for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Ernest Robinson, the contestant below, and appellant here, instituted this action in the Floyd Circuit Court against the appellees, contestees below, wherein he contests a local option election held in Little Paint Precinct No. 27, Floyd County, on September 21, 1946.

General demurrer to the petition was filed, after which the appellant filed motion to withdraw all of the allegations contained in paragraphs 1 and 2 of his petition challenging the sufficiency of the petition. The court then heard and sustained the demurrer to the petition with these allegations withdrawn, and entered judgment dismissing the petition. The appellant filed motion requesting the court to enter an order suspending the taking effect of the election until this contest was determined. This was promptly overruled by the court.

The appellant prosecutes this appeal insisting that the trial court erred in sustaining the demurrer to the petition, first, because the order of the county court calling the election failed to set forth the question to be submitted, and, second, because the question printed on the ballot did not identify Little Paint Precinct as a voting precinct or district of Floyd County.

The order calling the election reads:

"It appearing to the Court that a petition has been filed by a number of the constitutionally qualified voters of Little Paint Precinct No. 27, being more than 25% of the votes cast in said precinct at the last preceding general election, with the County Court Clerk, said petition being in due form according to law, and showing the postoffice address of each voter and the date said petition was signed. Said petition was filed July 19, 1946.

"Pursuant to said petition, a local option election is hereby directed to be held in said Little Paint Precinct No. 27, on September 21, 1946.

"The Clerk of this Court is hereby directed to de-

liver to the sheriff of Floyd County a certified copy of this order within five days from this date.

"The Sheriff is directed to advertise this order by publication in the Floyd County Times for two consecutive weeks and by posting written or printed hand bills at not less than five conspicuous places in said precinct. The Sheriff shall report his action in writing to this Court.

"The County Clerk is further directed to prepare the necessary ballots and equipment for said election as is provided by law.

"This July 22, 1946."

It will be observed that the order definitely and positively states that a local option election is hereby directed to be held in Little Paint Precinct No. 27. There is nothing unambiguous or misleading in that order. Appellant cites the case of Cassady v. Jewell, 268 Ky. 643, 105 S. W. 2d 810, 812, and other cases, which he contends support his view. A perusal of these cases cannot be construed as supporting such a highly technical contention or position. At the time the Cassady opinion was written the applicable section of the statutes, which was 2554c-2, read as follows: "* * * it shall be the duty of the judge of the county court of such county at the current or the next regular term of said court thereafter to make an order on the order book of said court directing an election to be held in such county, city, town, district or precinct to be affected thereby, for the purpose of taking the sense of the legal voters of such county, city, town, district or precinct upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein."

It will be noted that the applicable section, which is KRS 242.020(4), now reads: "After a petition for election has been filed, the county court shall, at the current or the next regular term, make an order on the order book of the court directing an election to be held in that territory."

It will be noted further that KRS 242.050 sets out the form of the ballot and the question to be asked. In the Cassady case cited, it is said: "The form in which

the question should be or may be printed on the ballot is given in section 2554c-6, but it is not necessary that it should be stated in the order calling the election.''

Certainly no one could be misled, and it would be a challenge to the intelligence of the voters to say that they did not understand what a local option election was and the objectives of same. See Keeling v. Coker, 294 Ky. 199, 171 S. W. 2d 263. We think the order to be sufficient.

Contention 2, claiming lack of identity of the voting precinct in that it did not set out the number of the precinct, or the county, is no more well taken than contention 1 above. The ballot as used submitted the following question: ''Are you in favor of adopting prohibition in Little Paint Precinct?'' There is nothing in this record to show that the voters did not know where Little Paint Precinct is. The fact is, it is common knowledge that most precincts are known by their names rather than numbers. The order calling the election was by the County Judge of Floyd County. The order was directed to the Sheriff of Floyd County. The Sheriff was directed to advertise the order by publication in the Floyd County Times and by posting printed hand bills in conspicuous places in the precinct. To sustain the appellant's position would put this court in an attitude of becoming highly technical, with utter disregard for the well settled rule that elections cannot be lightly set aside. See Duff v. Salyers, 220 Ky. 546, 295 S. W. 871, and Drennan v. Roberts, 234 Ky. 574, 28 S. W. 2d 735. There is no merit in this contention.

He insists further that the court erred in refusing to suspend operation of prohibition pending the determination of this cause. In view of appellant's claimed cause of action as set out in his petition, which as such failed to state a cause of action, we are of the opinion that the court properly ruled in that matter. See Neff v. Moberly, 296 Ky. 319, 177 S. W. 2d 7.

Wherefore, the judgment is affirmed.