Ignacio PENA, Appellant,

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.**

**No. 6621.**

Court of Civil Appeals of Texas, El Paso.

Aug. 10, 1977.

Rehearing Denied Sept. 7, 1977.

Downman, Jones & Granger, David Q. Haag, Houston, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, Howard P. Newton, San Antonio, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

Appellant, Ignacio Pena, filed this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, seeking to recover damages for alleged injuries sustained in the course of his employment. The trial Court granted Defendant/Appellee's motion for summary judgment. We affirm.

Appellant suffered injuries in the course of his employment, in December, 1974, while he was lifting heavy concrete blocks. He suffered a hernia which was surgically repaired; thereafter, in return for a gross sum settlement of $3,676.94, on March 27, 1975, he executed a contractual release of all claims against his employer arising out of the occurrence of December, 1974. In 1975, he filed this suit alleging that the injury of December, 1974, caused a hernia and damage to his back. Appellee filed its motion for summary judgment attaching the release and supporting affidavits. Following the granting of summary judgment for Appellee, Appellant filed a motion for new trial in which, for the first time, he alleged that the release was a result of mutual mistake.

This case is governed by Texas law of procedure and by federal substantive law; therefore, the validity of the release and the defenses to its validity are governed by federal law. *Dice v. Akron, Canton & Youngstown Railroad Company*, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952).

Tex.R.Civ.P. 166–A provides that a summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41 (Tex.1965). The release, executed by Appellant, is complete and comprehensive, and there is no question but that its effect is to foreclose any recovery by Appellant. Before the Court, with its supporting affidavits, it was a valid defense to this cause of action. This cast the burden on Appellant to plead and establish such facts as would render it invalid. *Ellis v. Woods*, 453 S.W.2d 509 (Tex.Civ.App.—El Paso 1970, no writ). Appellee having presented evidence negating any disputed issue of material fact, the burden of going forward with the evidence to show a disputed fact rested on Appellant. *Bingham v. Gibson Products Company, Inc. of Odessa*, 464 S.W.2d 713 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.). In an attempt to meet his burden, Appellant filed an affidavit which we have determined to be of no effect because it does not meet the requirements of Tex.R.Civ.P. 166–A.

The affidavit was not sworn to as prescribed by Rule 166–A. It was simply acknowledged, i.e., the notary certified that Appellant "executed the same for the purposes and consideration therein expressed." It thus runs afoul of the holding of our Supreme Court in *Perkins v. Crittenden*, 462 S.W.2d 565 (1970). There it was held that a jurat is not the same as an acknowledgment for the purposes of summary judgment under Rule 166–A, and that the instrument was not an affidavit for purposes of the Rule, the Court saying:

"An acknowledgment (that an instrument was executed for the purposes

therein expressed) does not purport to be a certification that the person acknowledging it swears to the truth of the matter set out. It does not, at least within the spirit of Rule 166–A, constitute an 'affidavit' so as to constitute a 'sworn or certified' copy."

The Court cited with approval the same holding by the Austin Court of Civil Appeals in *Crockett v. Sampson*, 439 S.W.2d 355 (1969, no writ). It also distinguished its holding from that in *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex. 1962), where it held that purely formal deficiencies in an affidavit raised for the first time on appeal were waived where no exception was taken and there was no genuine issue of fact. It noted that in *Youngstown* the instrument was defective in certain respects and was subject to special exception, but that it was sworn to, it was an affidavit, and was subject to correction, while the instrument before it was not an affidavit at all within the definition of the Statute and did not constitute summary judgment proof. The instrument of the Appellant in the case before us is not an affidavit and is not competent summary judgment evidence. Therefore, the Appellant presented no summary judgment evidence to contradict the validity of the release.

The judgment of the trial Court is affirmed.