Ethel L. ALVEY, Executrix of the Estate of Thomas E. Alvey, Deceased, Appellant,

v.

George WELKER, M.D.; John H. Marchand, M.D.; Union County Hospital; and Hospital Corporation of America, Appellees.

Court of Appeals of Kentucky.

Sept. 2, 1983.

Charles S. Wible, Owensboro, for appellant.

J.D. Ruark, Morganfield, for appellee, George Welker, M.D.

William M. Deep, Sr., Henderson, for appellee, John H. Marchand, M.D.

Michael D. Hallyburton, Madisonville, for appellees, Union County Hosp. and Hosp. Corp. of America.

Before HAYES, C.J., and MILLER and PAXTON, JJ.

PAXTON, Judge.

Ethel L. Alvey, as Executrix of the estate of Thomas E. Alvey, deceased, appeals from a summary judgment of the Union Circuit Court entered on motions of Dr. George Welker, Dr. John H. Marchand, Union County Hospital, and Hospital Corporation of America. She also appeals the trial court's order sustaining appellees' motions to strike the affidavit of her attorney, and exhibits attached to it, filed in response to appellees' motions for summary judgment.

Suit was filed on October 7, 1980. Motions were subsequently filed on behalf of each appellee for summary judgment and the hearing was set for October 28, 1981. Appellant did not file any response. Her attorney advised the court that he would rely on the record. After hearing oral ar-

guments on October 28th, the trial court directed the attorneys to file their proposed findings of fact, conclusions of law, and judgment. Because a summary judgment can only be granted where there are no issues of material fact to be found, we assume the trial court's order to file proposed findings of fact, conclusions of law, and judgment was a directive to file memoranda that would be helpful to it in reaching a decision on the motions.

On December 11, 1981, appellant moved the trial court to grant her an extension of time to file her memorandum. This motion was sustained, the trial court extending appellant's time for filing to January 15, 1982. On January 15, 1982, appellant filed her proposed findings of fact, conclusions of law, and judgment, and a response to appellees' motions for summary judgment that included an affidavit of her attorney with exhibits containing a notarized statement of a medical doctor and an excerpt from Volume II of "Principles and Practice of Emergency Medicine."

■ Appellant first argues the trial court erred in sustaining appellees' motions to strike the affidavit of her counsel and accompanying exhibits. The trial court's order reflects that it directed the affidavit and exhibits stricken because they were not filed on October 28th, the day set for hearing of the motions for summary judgment. We agree with appellant that *Conley v. Hall,* Ky., 395 S.W.2d 575 (1965), is dispositive. In *Conley,* our then Court of Appeals pointed out that a "hearing" within CR 56.03 is not completed until the question is ready for a decision. In the case at bar, the issue could not have been ready for determination until January 15th, 1982, because the court gave appellant up to that date to submit information to be used in making its decision. There is nothing in the record to indicate that on October 28th, 1981, the court considered the case finally submitted for decision as was apparently the situation in *Mills v. Reserve Life Insurance Company,* Ky., 335 S.W.2d 955 (1960), relied upon by appellees. If the trial court had considered the case before us to have been finally submitted for judgment on October 28th, there would have been no reason for it to direct both appellees and appellant to submit proposed findings of fact, conclusions of law, and judgment. The court could simply have announced its decision and directed the prevailing party to draft the necessary documents according to the court's desires; or, it could have announced that the case was finally submitted and then taken the necessary time to do final research and drafting of its own documents. However, in indicating that it needed further information, from the parties, the court extended the hearing to January 15, 1982, and appellant was well within her rights to file the affidavit and exhibits on that date.

■ We believe the written statement of Dr. Bert Spilker satisfies the requirements of an affidavit. The statement indicates that it was made on personal knowledge about such facts as would be admissible in evidence and the letterhead is sufficient to show affirmatively that he is competent to testify to the matters in the statement. CR 56.05. The jurat does not affirmatively show that the statement was sworn to or affirmed before an officer authorized under CR 28 to take depositions. Nevertheless, we believe it is reasonable to infer from the jurat that Dr. Spilker on September 12, 1981, swore to the writing before Mark R. Royster, a notary public for Orange County, North Carolina, whose commission expires on March 3, 1986. *See Monhollan v. Rice,* 287 Ky. 814, 155 S.W.2d 223 (1941); *Blackburn v. Commonwealth,* 202 Ky. 751, 261 S.W. 277 (1924); *State v. Wolfe,* 156 Conn. 199, 239 A.2d 509 (1968); 3 Am.Jur.2d *Affidavits* §§ 16–19 (1962). *But see Pena v. Southern Pac. Transp. Co.,* 555 S.W.2d 184 (Tex.Civ.App.1977); *Commonwealth Insurance Systems, Inc. v. Kersten,* 40 Cal. App.3d 1014, 115 Cal.Rptr. 653 (1974).

■ Appellant's final argument is that the trial court erred in granting the summary judgment. We agree. We believe that the information in the record, including the disputed affidavit and exhibits, together with inferences that might reasonably be drawn therefrom is sufficient to

create an issue of material fact and defeat the motions.

The judgment of the Union Circuit Court is reversed and this action is remanded for further proceedings consistent with this opinion.

All concur.